# BILBY v. BROCKMAN et al.

No. 5225.    Opinion Filed January 11, 1916.

Rehearing Denied February 29, 1916.

(155 Pac. 257.)

1.    **CHAMPERTY AND MAINTENANCE—Conveyance of Land in Suit—Avoidance—Knowledge of Grantee.**  To avoid a deed because it was executed in violation of section 2259, Rev. Laws 1910, making the buying of land in suit a misdemeanor, it must be shown that the grantee had knowledge of the pendency of a suit affecting the lands conveyed by the deed at the time of the execution thereof.

2.    **SAME—Adverse Possession.**  To avoid a deed because it was executed in violation of section 2260, Rev. Laws 1910, making the buying of lands held in adverse possession a misdemeanor, there must be evidence showing that at the time of the execution of the deed the grantor had not taken the rents from the lands conveyed for the space of one year, and that the lands were held adversely to the grantor by the party seeking to avoid the deed or those under whom he claims.

3.    **APPEAL AND ERROR—Trial—Harmless Error—Admission of Evidence.**  It is error for the court to admit a document in evidence, and at the same time direct that it be neither read nor commented upon to the jury; but, where such evidence was admitted over the objection of the plaintiff in error, such error was not prejudicial as to him.

4.    **WITNESSES — Impeachment — Former Statement—Materiality.**  To impeach a witness by evidence of a former statement in conflict with the evidence of the witness, such statement must be material and relevant to the issues being tried.

5.    **EJECTMENT—Possession Under Lease—Authority of Guardian—Burden of Proof.**  One resting his claim to the possession of lands upon a lease purporting to be executed by the guardian of the owner must show valid authority as guardian to execute such lease in the person pretending to act as such guardian.

(Syllabus by Rummons, C.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by W. G. Brockman and another against A. S. Bilby and others. Judgment for plaintiffs, and defendant John S.. Bilby brings error. Affirmed in part, and remanded, with directions.

The defendants in error, hereinafter styled plaintiffs, commenced this action in the district court of Wagoner county in ejectment against the plaintiff in error, John S. Bilby, hereinafter styled the defendant, and others, to recover possession of the N. W. ¼ of section 33, township 19 N., range 15 E., in Wagoner county. The case was tried to a jury, resulting in a verdict and judgment for the plaintiffs. The defendant John S. Bilby filed his motion for new trial in due time, which was overruled, and he appeals. Both the plaintiffs and the defendant claim title to the land in controversy from the same grantor, Alice Burley, to whom it was allotted as a Creek freedman. It appears that on March 21, 1908, Alice Burley conveyed her surplus allotment, described as the S. E. ¼ and the W. ½ of the N. W. ¼ of section 33, township 19 N., range 15 E., to Harve L. Hollingsworth and W. L. Hammet, by general warranty deed, for a consideration, expressed in the deed, of $1,400; that on March 25, 1908, said Alice Burley and her husband, Harrison Burley, conveyed such surplus allotment by warranty deed to T. H. Wells for a consideration, expressed in the deed, of $1,800; that on March 10, 1910, the said Alice Burley and her husband conveyed all the land in controversy to the plaintiffs by warranty deed for a consideration of $1,500; and that on December 31, 1910, the said Alice Burley conveyed all the land in controversy to the plaintiffs by warranty deed for the same consideration. It further appears that on October 20, 1909, Charlie Roberts, as the guardian of Alice Roberts Burley, executed a lease of the land in controversy to J. W. Ken-

nedy for a period of three years, beginning January 1, 1910, for a consideration of $160, payable semiannually. It also appears that by mesne conveyance the defendant John S. Bilby had acquired whatever title T. H. Wells and Harve Hollingsworth and W. G. Hammett had in the surplus allotment. The last of these deeds was dated February 14, 1911. It further appeared that Dr. E. W. Yates, acting as the agent of the defendant Bilby, secured an assignment, on February 20, 1911, of the lease made to J. W. Kennedy, and that thereby the defendant Bilby acquired the interest of J. W. Kennedy therein.

The plaintiffs offered evidence tending to show that the rental value of the land in controversy was from $1.50 to $2.50 per acre. Plaintiffs offered evidence tending to show that the said Alice Burley, nee Roberts, was born in September, 1892, and that she reached her majority in September, 1910. The plaintiffs also offered in evidence the records of the Dawes Commission, which showed that Alice Burley, nee Roberts, reached her majority in September, 1909. This record was admitted over the objection of the defendant Bilby; but the court directed that it be neither read nor commented upon to the jury. On behalf of the defendant Bilby there was evidence contradicting the evidence of plaintiffs as to the rental value of the land, tending to show that the rental value was about $1.50 per acre for cultivated land and 50 cents per acre for hay land. The evidence for the defendant showed that the defendant Bilby had endeavored to secure possession of the land in controversy by procuring an attornment from the tenant occupying the land, but did not succeed in so doing until the year 1911, after he had procured the assignment of the lease of J. W. Kennedy. It appeared that Charlie Roberts, as the guardian of Alice

Burley, had collected the rents for the land in controversy up to June, 1910.

Alice Burley intervened in this action, and alleged that she had received of the consideration expressed in the deed to Hollingsworth, to wit, the sum of $1,400, only $100, and of the consideration expressed in the deed to T. H. Wells, to wit, $1,800, she had received only the sum of $5; that of the consideration expressed in the deed to plaintiffs March 10, 1910, to wit, the sum of $1,500, she had received only the sum of $650. She further alleged that prior to the commencement of this action she had commenced an action to set aside the deeds executed by her to Wells and to Hollingsworth and to Hammett, but that she had dismissed said action at the request of defendant John S. Bilby, and he promised to pay her in consideration of such dismissal the sum of $1,000, as soon as he perfected his title to the real estate; and she prayed that in the event the plaintiffs were successful in this action she might be decreed to have a vendor's lien on the real estate for the sum of $850 and interest, and that in the event the defendant John S. Bilby succeeded in this action she might be decreed to have a vendor's lien on this real estate in the sum of either $1,000 or $1,300 and interest. The case was tried to a jury, resulting in a verdict for the plaintiffs for the possession of the land involved in the action and for the sum of $400 as damages, and for the intervener, Alice Burley, against the plaintiffs in the sum of $990.25. Upon this verdict the court entered judgment for the plaintiffs for the possession of the real estate, and for the sum of $400 against the defendant John S. Bilby, and attempted to decree a suspended vendor's lien in favor of the intervener, Alice Burley, upon the real estate, to become effective when the title to said

premises had been completely adjudicated in the appellate courts of last resort. From this judgment the defendant John S. Bilby appealed.

*Edward M. Gallaher* (*S. V. O'Hare,* of counsel), for plaintiff in error.

*C. N. Simon,* for defendants in error.

Opinion by RUMMONS, C. (after stating the facts as above). The first error complained of is in the admission by the court, over the objection of the defendant Bilby, of the warranty deed executed by Alice Burley to plaintiffs on December 31, 1910, at a time when there was pending a suit with reference to the property mentioned and described in the deed. We do not think this assignment is well taken, for the reason that at the time of the offer and the objection there was nothing in the record to show that the real estate in controversy was the subject of a pending suit, nor is there anything in the record to show that the plaintiffs at the time they took the deed in question had knowledge that any such suit was pending. It does appear later in the record that at the time the deed complained of was executed a suit was pending by Alice Burley against the defendant Bilby and others to cancel the deeds to the land in controversy. But there is nothing in the record to show, or even tending to show, that the plaintiffs had any knowledge of the pendency of such suit at the time such deed was executed. While a conveyance taken in violation of section 2259, Rev. Laws 1910, making it a misdemeanor to buy lands in suit, would be void as against parties holding adversely to the grantee, yet it must appear that the grantee had knowledge of the pendency of the suit, and in the absence of evidence tending to prove such knowledge the presumption is that the

grantee was ignorant of the pendency of the suit. *Jenings v. Brown*, 20 Okla. 294, 94 Pac. 557.

The defendant assigns as error the refusal of the following instruction requested by him:

"You are further instructed that every person who buys or sells, or in any manner procures title or pretended title, from any one not in possession, or who has not received the rents or profits therefrom for one year prior thereto, is guilty of a misdemeanor; and if at the date of the two deeds taken, March 7 and March 10, 1910, by W. B. Brockman and Henry C. Brockman from Alice Roberts, or Alice Burley, and by them put in evidence in this case, were taken by said plaintiffs with knowledge that Alice Burley was not in possession of said land, and had not been in possession thereof for one year next before the taking of the same, nor had taken rents and profits thereof for the space of one year before such deeds were given, then the plaintiffs in this action are not entitled to the aid of this court in getting possession of the lands and premises in controversy, because they have violated the laws of this state in taking said deed, and your verdict should therefore be for the defendant John S. Bilby."

We do not think the record contains evidence which would have warranted the court in submitting that question to the jury. The evidence clearly shows that during all the years in which the various deeds to the land here in controversy were being executed by Alice Burley the land was occupied by tenants holding under leases executed by Charlie Roberts, as father and guardian of Alice Burley, and that in such capacity he collected the rents of such land up to June, 1910; but there is no evidence in the record showing that Charley Roberts was ever appointed guardian of Alice Burley by any court of competent jurisdiction, or that he had any authority to execute such leases. The last lease executed by him as guardian of Alice Burley

was made in 1909, and expired January 1, 1913, to one J. W. Kennedy. This lease was assigned to the agent of defendant February 20, 1911, and defendant secured possession of such lands in controversy thereafter. It appears from the evidence of the defendant that he secured the assignment of this lease for the purpose of getting into possession of the land, and that he did get possession of the land in the year 1911, which was long after the execution of the deeds under which plaintiffs claim. The burden was upon the defendant to show that the lands were held adversely to the grantor, Alice Roberts Burley; and while the record does not show that Charley Roberts, who purported to lease the lands to Kennedy as the guardian of the grantor, Alice Burley, was her legal guardian, yet there is no evidence showing, or tending to show, that Kennedy held adversely to the grantor, or that the grantor had not taken the rents for the space of a year before the execution of the deeds to plaintiffs. Therefore there was nothing upon which to predicate the requested instruction. The requested instruction also goes beyond the law in declaring that, if plaintiffs had violated section 2260, Rev. Laws 1910, they were not entitled to the aid of the court to get possession of the land conveyed. Such a deed is only inoperative as to those holding adversely to the grantor; as to the grantor and the rest of the world it is good. *Huston v. Scott,* 20 Okla. 142, at page 157, 94 Pac. 512, 35 L. R. A. (N. S.) 721; *Zahn v. Obert,* 24 Okla. 159, at page 167, 103 Pac. 702; *Powers v. Van Dyke,* 27 Okla. 27, 111 Pac. 939, 36 L. R. A. (N. S.) 96; *Purcell v. Barnett,* 30 Okla. 605, 121 Pac. 231; *Martin v. Cox,* 31 Okla. 543, at page 548, 122 Pac. 511; *Flesher v. Callahan,* 32 Okla. 283, 122 Pac. 489.

It is next contended that the court erred in admitting in evidence a certified copy of the enrollment record, showing the age of the intervener, Alice Burley Roberts, over the objection of the defendant John S. Bilby. This assignment presents a somewhat anomalous condition of the record. The plaintiffs offered a certified copy of the enrollment record, to which the defendant Bilby objected; the court overruled the objection, and said that the record could be admitted in evidence, but he would not permit counsel to either read it to the jury or to comment upon it to the jury. We confess that this ruling of the court is a little difficult to comprehend, but we assume that it was withheld from the jury for fear that they might be confused by it to the prejudice of the defendant Bilby. The deeds under which the defendant Bilby claimed were all executed by Alice Burley, before the passage of Act Cong. May 27, 1908, c. 199, 35 Stat. 312, making such record conclusive evidence as to the age of an allottee; while the deeds under which plaintiffs claim were all executed after the passage of such act. So that the record was not competent as to the validity of the deeds under which defendant Bilby claims, while it was the only competent evidence as to the validity of the deeds under which plaintiffs claim. *Yarbrough v. Spalding*, 31 Okla. 806, 123 Pac. 843; *Rice v. Anderson*, 39 Okla. 279, 134 Pac. 1120; *Scott v. Brakel*, 43 Okla. 655, 143 Pac. 510; *Gilbert v. Brown*, 44 Okla. 194, 144 Pac. 359. It was incumbent upon plaintiffs to establish a valid title and right to the possession of the real estate in controversy before they could recover, and this evidence was competent as to their claim to title, while incompetent as affecting the claim to title as made by defendant Bilby; so that we assume that the court, for fear that the jury might be confused as to the effect of this

record, did not permit it to be read or commented upon to them. While this was error, we think the court committed no error prejudicial to the defendant.

The action of the trial court in refusing to permit the defendant to offer in evidence the affidavit of Alice Burley, showing the circumstances under which she made the deed to plaintiffs on December 31, 1910, and the consideration she received therefor, is next challenged. We do not think the court committed reversible error by this ruling. The only purpose for which it could have been admitted would have been to impeach the witness. In order to impeach a witness by evidence of contradictory statements, the matter upon which the impeachment is sought must be material to the issues in the case. In this case there is no issue as to fraud or lack of consideration in the deeds executed to plaintiffs raised by the pleadings as between the plaintiffs and the defendant. The consideration given by the plaintiffs for the deed to this real estate, and the circumstances under which they procured such deed, were wholly immaterial under the pleadings upon which the case was tried.

The defendant complains that the court erred in refusing the following instructions requested by the defendant.

"You are instructed, gentlemen of the jury, to return a verdict in this case in favor of the defendant John S. Bilby, and against the plaintiffs W. G. Brockman and Henry C. Brockman.

"You are further instructed that if you believe from the evidence that there was a lease from Charles Roberts, as guardian of Alice Roberts, to J. W. Kennedy, covering the lands in controversy, and that in the early part of the year 1911 one Yates, at the instance of John S. Bilby, purchased said lease from J. W. Kennedy, the original lessee,

and that said lease was assigned to Yates, but that this transfer was in reality for the benefit of John S. Bilby, and that Yates was acting only in behalf of Bilby in regard thereto, then John S. Bilby is now the owner of said lease, and is entitled to prevail in this suit against the plaintiffs.

"You are further instructed that if you believe from the evidence in this case that Alice Burley, or Alice Roberts, was a minor on the 1st day of October, 1909, and that at said date Charles Roberts was her guardian, and that on said date he executed an agricultural lease to J. W. Kennedy for three years from the 1st day of January, 1910, and that John S. Bilby, the defendant herein, is now the owner of said lease, then the plaintiffs were not entitled to the possession of this property at the date of the institution of this suit, and are not now entitled to the possession of the same, and your verdict must be for the defendant John S. Bilby, and against the plaintiffs in this action, no matter what you may believe has been proven with regard to the ultimate title to the premises."

These three requested instructions are evidently predicated upon the theory that the defendant, by procuring an assignment of the lease executed to J. W. Kennedy, was entitled to possession of the land in controversy under the terms of such lease until it expired on January 1, 1913, which was some time after this action was begun. It is true that in an ejectment suit the plaintiff must recover upon the strength of his own title, and he must not only have the title to the fee, but must also be entitled to the immediate possession of the land before he can recover. But, as we have said, there is nothing in the record showing any authority in Charley Roberts to execute the Kennedy lease, and it was incumbent upon the defendant, if he sought to claim the right to possession under the Kennedy lease, which was executed by one purporting to act as

guardian, to show that such person had authority to act in such capacity, and had authority to execute the lease under which defendant claims. Defendant having failed to show by the evidence any authority for the execution of. the Kennedy lease, his claim to possession thereunder must fail, and there was nothing in the record to warrant the giving of the instructions requested. The court instructed the jury to find for the plaintiffs as to the homestead allotment described as the N. E. 1/4 of N. W. 1/4 of section 33, township 19 N., range 15 E., of which the defendant complains. Under the view we have just expressed as to the validity of the Kennedy lease, and as to the instructions requested by the defendant, we do not think there was any prejudical error in this instruction.

These are the only errors argued in the brief of defendant; and as the court submitted to the jury the questions involved in the controversy between the plaintiffs and the defendant Bilby, arising out of their respective deeds, and as to the validity thereof, which instructions are not complained of by the defendant, we conclude that there was no reversible error as to the defendant Bilby, and that as to the defendant Bilby the judgment of the trial court was right; but we think that the court, in rendering judgment upon a verdict for the intervener, Alice Burley, failed to render a valid and enforceable judgment, for the reason that the court decreed to her a suspended vendor's lien for the amount found due her, and then provides that such lien shall not be enforceable in any court, shall not take effect, shall not become effective, shall be held in abeyance, and said judgment and said vendor's lien is thereby stayed and held in abeyance, and is decreed to be of no force and effect until the absolute title to the above described real estate is finally and completely adjudicated

and decreed by the appellate courts of last resort to be in plaintiffs. This, we think, in effect is a nullity, and amounts to no judgment or decree in favor of the intervener, Alice Burley. We think that the judgment of the court below as to the defendant John S. Bilby should be affirmed, and that this cause should be remanded with directions to the trial court to enter a decree in favor of the intervener, Alice Burley, decreeing to her a vendor's lien upon the premises in controversy for the sum of $990.25 and interest, and making proper order for the enforcement and foreclosure of such lien, if the same be not paid.

By the Court: It is so ordered.