**COURTNEY v. WORLEY et al.**

No. 23125.   Dec. 14, 1937.

Twyford & Smith, John B. Harrison, and G. Lee Gibbs, for plaintiff in error.

Suits & Disney, Leo G. M'ann, and C. J. Brown, for defendants in error.

WELCH, J.   This is an action by F. B. Courtney against H. F. Worley, Stephens Eads, and others, to quiet title to certain lands.   Plaintiff's claim of title is based upon certain tax deeds.   Defendants Worley and Eads claim under deeds from the original owners and defend on the ground that the proceedings leading up to the sale and execution of the tax deeds are irregular and pray that the deeds be canceled and title be quieted in them as to the separate tracts claimed by each.

Defendant Worley's title is based on a deed executed after plaintiff had filed his petition, and summons had been served upon Worley's grantor.   From a judgment quieting title in defendants and canceling the tax deeds, the plaintiff appeals, and in support of his assignments of error presents two propositions:

"A party seeking relief, either negative or 'affirmative, against a tax deed must tender in open court for the use of the holder of the tax deed, all taxes, penalties, interests, and costs, which the party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale, and on failure so to do, his action or defense, as the case may be, must be dismissed.

"A deed by a party out of possession who has not taken rents and profits within a year from the land conveyed, and which land is then in litigation is champertous and void."

The defendants introduced proof that the property was not advertised for sale for taxes for the year upon which the tax deed is based, and proof·that the property, which consisted of separate lots, was sold together for a lump sum, and that improper notice was given of application for deed, and that the resale deed did not show the year for which taxes were levied 'and the amount of the tax; and other proof for the purpose of showing irregularities as to the sales and execution of the deed.   Before introducing such proof the defendants did not tender in open court for the use of the plaintiff, the holder of the tax deeds, any sum of money.   The plaintiff does not seriously question that the evidence introduced by the defendants clearly shows such defects as to notices and as to method of procedure as to make the sales invalid and also the tax deeds, but contention is made that the court erred in permitting defendants to offer any evidence as to irregularities until they had complied with the conditions precedent prescribed in sections 12761 and 12763, O. S. 1931.

Section 12761 is 'as follows:

"To defeat the deed, the person desiring to set the same aside and recover the land, or to resist the recovery of possession by the holder of the deed in addition to showing clearly the entire failure to do some one or all the things of which the tax deed is made presumptive evidence, must show that he or the person under whom he claims, had the right to redeem the land from tax sale at the time the deed was made, and must, when his action to set aside the tax deed is brought, or a defense to a recovery of possession is plead, tender in open court for the use of the holder of the tax deed, all taxes, penalties, interest and costs, which the party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale, and on failure so to do, his action or defense, as the case may be, shall be dismissed.   The rule that tax proceedings are to be strictly construed as against the tax purchaser, shall not apply to proceedings under this act, but in all courts its provisions sh'all be liberally construed, to the end that its provisions and all proceedings thereunder shall be sustained."

Section 12763 is as follows:

"No action shall be commenced by the holder of the tax deed or the former owner or owners of lands by any person claiming under him or them to recover possession of the land which has been sold and conveyed by deed for nonpayment of taxes, or to avoid such deed, unless such 'action. shall be commenced within one year after the recording of such deed; and in case of action to avoid the deed not until all taxes, interest and penalties, costs and expenses shall be paid or tendered by the parties commencing such action."

Defendants' answers were filed less than a year after plaintiff's deeds were recorded, therefore the limitation provision of section 12763 is not applicable.   The question of defendants' right to redeem the land from the tax sale at the time the deeds were made will be discussed in the determination of plaintiff's proposition 2.

The record discloses that plaintiff did not at any time make request that defendants be required to pay or properly tender into

court any sum, and that plaintiff made no objection to defendants' answer or offer of evidence on the ground that no proper tender had been made, and did not request any dismissal. Let us assume the facts in this case to be such that the statutes requiring a proper tender to be made into open court before proceeding to avoid a tax deed are applicable.

Such tender into open court could not affect the substantial rights of the holder of the tax deed, except as to such benefit he might hope to derive by the tender, therefore he could surrender or waive such benefit if he desired. Upon the failure of the defendants to make tender, and the subsequent failure of plaintiff to request that defendants be required to do so, and upon failure of the plaintiff to make any objection because the tender had not been made, the trial court was justified in assuming that the requirement had been waived and that plaintiff consented to the court's jurisdiction of the subject matter. "Waiver" has been defined as the act of waiving or not insisting upon some right; also, an implied consent by a failure to object. 67 C. J. 292. The plaintiff not having in any manner asserted his right to have the tender made by defendants, and having therefore consented to the adjudication of the cause on the merits, the judgment of the trial court need not be reversed on account of failure of defendants to timely pay or tender the taxes before proceeding to avoid the tax deeds.

It is noted that defendant Eads, in his answer, made offer to pay to plaintiff all lawful taxes and other expenditures which might be found due plaintiff from said defendant by reason of any payments made by plaintiff in regard to the real estate claimed by said defendant. While this was not an exact compliance with the tender statute, we observe that plaintiff did not at any time offer to accept this tender, or seek a correct tender. In Jones v. Dean, 155 Okla. 23, 7 P. (2d) 845, this court in the syllabus said:

"In the case at bar, one of the defendants in error, in the original case, made offer to pay the taxes, costs, expenses, incurred upon the tax sale resulting in the tax deed relied on. The plaintiffs in error did not accept the same or take any steps concerning it in the lower court. Held, that the case will not be reversed in this court on account of failure of defendants in error to pay the taxes before bringing suit."

The defendant Eads was the owner of the real estate claimed by him in this controversy at the time the tax sales were held and plaintiff's tax deeds were executed, and defendant Eads' right to redeem the land from tax sale at the time the plaintiff's deeds were made is not questioned. Defendant Worley acquired that part of the real estate claimed by him in this controversy from the original owner after plaintiff had begun this action.

In proposition 2 plaintiff contends that defendant Worley's deed is champertous and void and cites sections 1938 and 1939, O. S. 1931. It is urged that defendant Worley's grantor had not been in possession or taken the rents and profits from the land for more than a year prior to the execution of the deed.

The record discloses that the land claimed by defendant Worley consisted of unfenced, vacant lots, and that a representative of the plaintiff had rented to a farmer on an acreage basis and for the purpose of carrying on farming operations a tract of unfenced land that included these lots; that this farming operation was carried on during the two years preceding this action. There is no showing that these particular lots claimed by defendant Worley were in the exclusive, undisturbed possession of plaintiff's representative; on the contrary, such showing is not inconsistent with the idea that defendant Worley's grantor may have collected rents from these lots within a year preceding the execution of the deed. The record is silent as to the knowledge of defendant Worley of the pendency of this suit at the time of the execution of the deed.

In the case of Bilby v. Brockman, 55 Okla. 714, 155 P. 257, in paragraphs 1 and 2 of the syllabus, this court said:

"To avoid a deed because it was executed in violation of section 2259, Rev. Laws 1910, making the buying of land in suit a misdemeanor, it must be shown that the grantee had knowledge of the pendency of a suit affecting the lands conveyed by the deed at the time of the execution thereof.

"To avoid a deed because it was executed in violation of section 2260, Rev. Laws 1910, making the buying of lands held in adverse possession a misdemeanor, there must be evidence showing that at the time of the execution of the deed the grantor had not taken the rents from the lands conveyed for the space of one year, and that the lands were held adversely to the grantor by the party seeking to avoid the deed or those under whom he claims."

The record does not support plaintiff's proposition 2.

In equity and good conscience, however, the plaintiff should be reimbursed for the taxes paid by him on the lands of the defendants, and the judgment canceling plaintiff's tax deeds should have required such payment to plaintiff by the defendants. See Levy v. Inman, 103 Okla. 90, 229 P. 436. Doubtless the judgment would have so provided if it had been called to the trial court's attention by proper request. Though such request was not made, the jurisdiction to so decree has not been lost and the judgment should be modified to require such payment in proper sum to be determined by the trial court, with interest thereon at the legal rate of 6 per cent. per annum. The cost of this appeal, however, to be taxed against plaintiff in error.

With such modification, the trial court's judgment is affirmed, with directions to enforce the same as so modified.

OSBORN, C. J., BAYLESS, V. C. J., and GIBSON, HURST, and DAVISON, JJ., concur. RILEY, PHELPS, and CORN, JJ., absent.