WILCOX et al. v. WESTERHEIDE et al.

No. 31354.   June 17, 1947.

Rehearing Denied Oct. 21, 1947.

*185 P. 2d 452.*

T. F. Dukes, of Hominy, and R. E. Havens and Elmer J. Black, both of Pawhuska, for plaintiffs in error.

Hamilton & Kane, of Pawhuska, and Twyford & Smith, of Oklahoma City, for defendants in error.

OSBORN, J. This action was originally brought to cancel certain tax deeds upon a 320-acre tract of land in Osage county, which the plaintiffs, Joseph S. Westerheide et al. asserted were void, and for rentals during the time the said land was wrongfully occupied by defendants Wilcox et al. (By agreement of the parties and by permission of the court only the issue of title was tried, the court withholding a determination of rents.) From a judgment holding the tax deeds under which defendants occupied valid, plaintiffs appealed to this court, this court holding the tax deeds void. Westerheide v. Wilcox, 190 Okla. 382, 124 P. 2d 409. On that appeal we reversed the judgment of the lower court and remanded it for further proceedings not inconsistent with the views therein expressed, and with directions to the trial court to permit the plaintiffs to comply with the statute relative to tender (citing Schulte v. Herndon, 184 Okla. 77, 84 P. 2d 607), within 10 days after the mandate was entered of record.

When the mandate was entered of record in the lower court, plaintiffs promptly made a written tender of all taxes, penalties, interest, and costs required for the redemption of said real estate. On the day this tender was made plaintiffs also filed a motion reasserting their claim for rents, asking the court to determine the amount which they should be required to pay into court under their tender, and to hold the money intact until final judgment was rendered, so that any judgment rendered in favor of plaintiffs and against defendants for the use of the land could be satisfied therefrom. In the same motion they requested that Elmer J. Black, who had theretofore obtained another tax deed on the premises, be made a party to the action, for the reason that the tax deed acquired by him was really acquired for the defendants, and was simply a payment of taxes by them.

The trial court made Black a party to the action, permitted the plaintiffs to file an amendment to their petition alleging the invalidity of Black's tax deed; denied repeated motions of the defendants asking that plaintiffs be required to pay the amount of taxes, interest, etc., covered by their tender into court, and overruled their objections to the making of Black a party defendant.

314

Upon the trial of the case the trial court found that the tax deed to Elmer J. Black was void because of defective service, and that a quitclaim deed made by him to defendant Josephine Wilcox was ineffective for the reason that it was based upon his void tax deed; that plaintiffs were entitled to judgment quieting title and for immediate possession, and that there was due and owing from defendants to plaintiffs rent at $125 per year from December 31, 1932, to December 31, 1942, with interest on each yearly amount at 6 per cent, amounting in all to a total of $1,787.50; that the total amount of taxes paid by defendants up to December 31, 1942, with interest thereon at the rate of 6 per cent from the date paid to December 31, 1942, was $1,812.82, and required plaintiffs to deposit the difference of $25.32 in order to obtain judgment. Plaintiffs promptly paid said amount into court, together with all costs which the court adjudged against them, and thereupon the court rendered judgment canceling the deeds and quieting the title in plaintiff Joseph S. Westerheide, who had succeeded to the right of the other plaintiffs in the action. Thereafter the court overruled the motion of defendants for new trial, and defendants appeal.

Defendants first contend that the trial court failed to properly carry out the mandate of this court on the first appeal in that it permitted plaintiffs to bring in a new party, Elmer J. Black, and failed to require them to pay into court, for the use and benefit of defendants, all taxes, interest, penalties, and costs assessed against the land and paid by defendants.

Examination of the record discloses that shortly after the written tender was made by plaintiffs, defendants filed a motion that plaintiffs be required to pay into court, on their tender, taxes for various years, including the years 1933, 1934, 1935, and 1936. This motion was filed prior to the time Elmer J. Black was made a party defendant.

It also appears from the record that the tax deed held by Elmer J. Black, dated December 6, 1938, was based upon unpaid taxes for the year 1933, and that he had also paid the taxes for 1934, 1935, and 1936. Elmer J. Black was the husband of defendant Maude Q. Black, and was one of the attorneys for the defendants in the action. It also appears that after obtaining the tax deed he had deeded a portion of the lands which he claimed to have acquired by said tax deed to the defendant Josephine Wilcox, and plaintiffs contended that his action in paying the taxes and acquiring the deed was for the benefit of the other defendants. Under these circumstances we think that Black was properly made a party so that the amount required to be paid in by plaintiffs in order to reimburse defendants for taxes paid could be finally determined. Whether or not his tax deed was valid was also necessary to the determination of that question, since if it was valid, plaintiffs would have no title and would not be required to make their tender good. The trial court did not err in making Elmer J. Black a party defendant so that there might be a complete adjudication of the issues involved.

The question of whether the tender should be made good by payment into court, under the peculiar situation existing in this case, was also a matter for the sound discretion of the trial court, subject only to the requirement that any sum found necessary to be paid by plaintiffs should be paid into court before judgment was entered in their favor. The invalidity of the deeds under which defendants claimed, except the deed to Elmer J. Black, had already been adjudicated by this court without any tender having been made, and the only question before the trial court when the case was remanded was the right of the plaintiffs to collect rent from the defendants while the defendants had been in occupancy of the premises, and their right to offset the amount of such rent against the amount to be tendered by them.

Our tender statute, 68 O. S. 1941 § 453, specifies no definite time within which a tender made pursuant to that section shall be made good by the payment of money into court.

12 O. S. 1941 § 309 provides as follows:

"When a tender of money is alleged in any pleading, it shall not be necessary to deposit the money in court when the pleading is filed, but it shall be sufficient if the money is deposited in court at trial, or when ordered by the court."

Under this section the time of the deposit in court is left to the discretion of the court.

68 O. S. 1941 § 360, in so far as pertinent, provides as follows:

"Whenever any action or proceeding shall be commenced and maintained before any court or judge . . . to recover the possession or title of any property, real or personal, sold for taxes or to invalidate any deed or grant thereof for taxes . . . the true and just amount of taxes due upon such property or by such person if in dispute, must be ascertained and paid before the judgment prayed for, . . ."

The above appears to be the only section of our statute specifying a time at or prior to which the tender must be made good. Up to that point the matter is left to the trial court's discretion.

Plaintiffs call attention to McLain v. Schuessler, 186 Okla. 365, 98 P. 2d 1100, as holding that the tender must be made good before trial. Examination of that case discloses that the amount of taxes, penalties, interest, and costs necessary to redeem the lands from the tax sale was agreed upon; that the trial court sustained the motion of the defendant to require the plaintiffs to deposit that amount in court, and ordered the money deposited. Plaintiffs refused to comply with this order and the trial court dismissed the action. Had the trial court, in the instant case, in the exercise of its sound discretion, ordered the tender of plaintiffs made good by the payment of the money into court, it would have been necessary for plaintiffs to make such deposit or subject themselves to the penalty of having the action dismissed. But the court did not do so and, therefore, the decision in McLain v. Schuessler is not applicable.

In Brown v. Clark, 181 Okla. 473, 74 P. 2d 933, and in Courtney v. Worley, 181 Okla. 399, 74 P. 2d 370, we held that such payment should be made before judgment was rendered for the party from whom tender was due. In the instant case defendants were in no wise prejudiced by the action of the trial court, and we hold that no abuse of discretion is shown.

Defendants next contend that the trial court erred in holding the plaintiffs entitled to rent from the defendants while the defendants were in possession of the property under their invalid tax deeds, citing Duff v. Penick, 138 Kan. 288, 26 P. 2d 603, and Hoffmire v. Rice, 2 Kan. 749, which hold that until the tax deed holder is paid the taxes, interest and other charges his possession is rightful, and that no rent is chargeable to him and cannot be set off against the taxes and charges paid by him.

The Kansas decisions are based upon the construction given to a statute of that state by its Supreme Court providing that where an action is brought by the former owner against a tax deed holder in possession of the property, the former owner, if successful, shall be required to pay all taxes, interest and costs up to the date of the tax deed before he is entitled to possession. We have no such statute.

We have repeatedly held that a tax deed based upon a void tax sale did not entitle the holder of such deed to possession of the land therein described. Lind v. Stubblefield, 138 Okla. 280, 282 P. 365; Moore v. Barker, 186 Okla. 312, 97 P. 2d 776; Hill v. Spalding, 47 Okla. 621, 149 P. 1133.

The general rule as to the right of the former owner of land to recover rents

from a tax deed holder in possession whose tax deed has been adjudged void or invalid, is stated in 61 C. J. 1477, § 2089, as follows:

"In the case of an action concerning the tax title, rents and profits received by the holder of the invalid tax title will be deducted from the amount of reimbursement to which he is entitled."

This rule is supported by the great weight of authority. It was followed by this court in Levy v. Inman, 103 Okla. 90, 229 P. 436, citing Holland v. Hotchkiss, 162 Cal. 366, 123 P. 258, and in Emery v. Stansbury, 173 Okla. 478, 49 P. 2d 155. The reason underlying the rule appears to be that the parties holding under a void or invalid tax deed are wrongfully occupying the property, and that the plaintiff, upon establishing such fact, is entitled to the value of the use thereof as provided in 23 O. S. 1941 § 62.

The rule above announced seems to have been generally followed by the courts of the various states which have passed upon this proposition. See Jones v. Sturzenberg, 59 Cal. A. 350, 210 P. 835; Squires v. Estey, 33 Cal. A. 287, 165 P. 34; Joslin v. Schaffer, 66 Cal. A. 69, 225 P. 307; Clayton v. Schultz, 18 Cal. 2d 328, 115 P. 2d 446; Beadle County v. Hinckley, 69 S. D. 381, 10 N. W. 2d 757; Weller v. Platt, 33 S. D. 509, 146 N. W. 705; Kester v. Bostwick, 153 Fla. 437, 15 So. 2d 201; Emerson v. Voigt, 196 Ark. 129, 116 S. W. 2d 348; Flanagan v. Land Development Co., 145 La. 843, 83 So. 39; Westwego Canal & Terminal Co. v. Pitre, 195 La. 107, 196 So. 36; Abates v. Timbes, 214 Ala. 591, 108 So. 534; Brown v. Womack, 181 Miss. 66, 178 So. 785; Arena v. Del Jersey Realty Corp., 119 N. J. E. 360, 182 Atl. 833; and Dimpfel v. Beam, 41 Colo. 25, 91 P. 1107.

Defendants assert that in Hutchison v. Kerr, 193 Okla. 30, 140 P. 2d 918, 147 A.L.R. 1081, our holding was contrary to the general rule announced

above, but from the opinion in that case it appears that the tax deed was in every respect valid and regular, and that the infant owner exercised his right to redeem under 68 O. S. 1941 § 433a. We held that in such case the purchaser under a valid tax deed was entitled to possession, and that being in the rightful possession, the rents and profits of the land accrued to him. In the instant case the deeds were invalid and the possession was wrongful. Therefore, the rule announced in Hutchison v. Kerr does not apply.

Defendants contend that the tax deed to Elmer J. Black was valid, and that the trial court erred in holding it void and canceling it.

From the evidence it appears that the notice of the application for this tax deed was served by a person purporting to act as constable, but who was not in fact a constable at the time of such service. 68 O. S. 1941 § 451 requires that the notice shall be served in the same manner as that of summons in courts of record, and 12 O. S. 1941 § 158 provides that summons in courts of record shall be served by the officer to whom it is directed (the sheriff of the county), or by any responsible citizen of the county appointed by such officer, the authority of such person to be indorsed on the writ. It, therefore, appears affirmatively that the notice was not served as required by law. Proof of the service of notice is jurisdictional. Henderson v. Langley, 173 Okla. 550, 49 P. 2d 167; Channel v. Jones, 184 Okla. 644, 89 P. 2d 769. The trial court properly held the Black deed void.

Defendants also contend that the trial court erred in allowing interest on the amount of rent found due, and in fixing the amount of the rent. The trial court adjudged that the defendants were liable for rent for the years 1932 to 1941, inclusive, at the rate of $125 per year, and allowed interest on each year's rent at the rate of 6 per cent per annum from the time the rent was due.

While the evidence as to the rental value of the property was to some extent conflicting, and the trial court expressed doubt that the land was worth $125 a year, he further stated that he could not make a smaller allowance under the evidence before him. Examination of the record convinces us that his judgment in this respect was not clearly against the weight of the evidence, but is amply supported thereby. The allowance of interest on the rentals found due was also proper. Defendants contend that same was an unliquidated demand and that interest should begin to run only from the date of judgment. It would be inequitable to allow defendants interest on taxes paid and not require them to pay interest on rentals due while they occupied the property. The rental value of lands is easily ascertained, and the allowance of interest thereon was proper.

The trial court allowed interest on taxes paid by the defendants from the date of payment, but restricted such allowance to the statutory rate of 6 per cent, apparently following a statement in Levy v. Inman, supra, and Courtney v. Worley, supra, that interest should be at the legal rate. In so restricting the interest payable on said taxes the trial court erred. Under our tender statutes, 68 O. S. 1941 §§ 453, 455, the party seeking to defeat the deed is required to tender all taxes, penalties, interest and costs which a party seeking to redeem would be bound to pay if he were then redeeming the land from tax sale. Hart v. Thomason, 194 Okla. 675, 153 P. 2d 1003.

In Levy v. Inman, supra, the question of tender was not involved and the statement therein that the taxes, interest, penalties, and costs paid by the purchaser, with legal interest from the time of such payment, should be charged against the person seeking to cancel the deed was intended to and did refer to the legal interest chargeable on delinquent taxes under our taxing statutes.

In Courtney v. Worley, supra, a tender was made, but the party making the tender was not required to pay the money into court, and apparently the judgment in that case was for the taxes, with interest as provided by the taxing statutes. We held that the sum found due by the trial court should have been paid to the tax deed holder, and that the judgment canceling the tax deed should have required such payment. We required the trial court to modify the judgment so as to require such payment to be made to the plaintiff, such payment to carry interest at the rate of 6 per cent per annum. The 6 per cent per annum was apparently to be computed on the total amount found due at the time the judgment was rendered.

The statute on tender is plain, and we have in many cases held that all taxes, interest, penalties, and costs necessary to redeem the lands must be tendered. See Note 3, 68 O.S.A. 453; also, Oklahoma Digest, Taxation, Key No. 795.

In this case the tender by plaintiff was first made on April 24, 1942. If plaintiffs had attempted to redeem the land at that time, they would have been required to pay the interest rates applicable to delinquent taxes as provided by our statutes on taxation. In the instant case the parties agree that the delinquent taxes for the years 1927 and 1928 bore interest at the rate of 18 per cent per annum, and that thereafter the delinquent taxes bore interest at the rate of 8 per cent per annum, and the trial court should have allowed interest at these rates from the date the taxes were paid by defendants to the date on which the tender was made. After the tender was made, plaintiffs, having done all they could do to redeem the land from the delinquent taxes, since the amount they were required to pay was not definitely ascertainable on that date because of the offsetting of rents, should be required to pay only 6 per cent on the amount due on the date tender was

made. It also appears that there were some taxes due the county for the year 1940. These should have been included in plaintiffs' tender. Under the statute, supra, plaintiffs were required to tender all delinquent taxes, and it was the duty of the court to ascertain to whom the taxes were due and to pay over to the county such delinquent taxes as were due to it. Hart v. Thomason, supra.

From the record we are unable to compute with exactitude the definite amounts due to the defendants and to the county, so that we cannot here determine such respective amounts in accordance with the rule above announced, and render a correct judgment. It follows that upon this point the judgment must be reversed.

The judgment is affirmed in all things except as to the amount of taxes, interest, penalties, and costs, which it was incumbent upon the plaintiffs to pay into court after the total amount due had been ascertained in accordance with the method above stated, and the amount of rentals and interest thereon deducted therefrom. If the parties cannot agree upon the correct amount, the trial court should hear additional evidence and render judgment accordingly.

Affirmed in part and reversed in part, with directions.

DAVISON, V.C.J., and RILEY, BAYLESS, CORN, and GIBSON, JJ., concur. HURST, C.J., and WELCH and ARNOLD, JJ., dissent.