Fred KAPP and Odessa Kapp, Plaintiffs in Error,

v.

W. F. VAHLBERG, County Treasurer of Oklahoma County, Oklahoma, et al., Defendants in Error.

No. 36796.

Supreme Court of Oklahoma.

Feb. 14, 1956.

Rehearing Denied July 20, 1956.

**160**

Wendell G. Stockton, James W. Flinn, Oklahoma City, for plaintiffs in error.

F. M. Bookstore, Oklahoma City, for defendants in error.

CORN, Justice.

This action involves ownership of certain property (Lots 7–12 inclusive, Block 9, and Lots 1 and 2, Block 15, Sadlers Industrial Heights Addition) in Oklahoma City, Oklahoma. The property originally was owned by the husband of the defendant Mrs. Lula Thomas. These parties were parents of the defendants Thomas. The property, part of an 80 acre tract, was platted by the original owner about 1930, but the lots did not sell and thereafter the property remained as unimproved farm land.

In May, 1942 the plaintiff Fred Kapp filed suit to quiet title to various tracts of land, including the above described property, based upon a county treasurer's resale tax deed, Mrs. Lula Thomas being named defendant. After filing of the petition no further action was taken until September 1953 when Mrs. Lula Thomas and Cosby Thomas were granted leave to file answer and cross-petition out of time, and an order was entered making Odessa Kapp (plaintiff's wife) a party to the action. It should be noted the resale tax deed had been issued in the name of Odessa Kapp, and was held in her name from issuance thereof (August 2, 1940) until the day prior to trial of the case May 19, 1954.

Cosby Thomas, Charles S. Thomas, Clancy Thomas and Curtis Thomas, as parties defendant, filed separate answers asserting the invalidity of the tax deed, upon the grounds of defective publication notice of the sale upon which the tax deed was based. Defendants also alleged possession of the property and tendered all taxes, penalties, interest and costs necessary to redeem from the tax sale.

No motion to require cash deposit of the tender was made.

Plaintiffs filed an amended petition alleging fee simple title, and possession of the property since May 14, 1941, under tax deed issued on such date, and that November 3, 1953, plaintiffs had conveyed to one another. Plaintiffs asked judgment determining their fee simple title and that same be quieted against any claim by the various defendants.

Upon trial of the case the parties stipulated that defendants Thomases owned record title to the property, subject only to such rights as plaintiffs might have acquired under the tax deed, which was the only basis of plaintiffs' claim. A brief statement of the evidence, upon which the trial court rendered the judgment, reflects the following matters.

Plaintiffs' evidence was that they took possession of the property in 1940, made annual trips out to see the property, placed signs thereon advertising same for sale, and paid taxes thereon over the years, except for 1953; the property was open, unimproved property, except for a water line in front and electricity in the back; plaintiffs paid the 1952 paving and ad valorem taxes; plaintiffs had no knowledge of the Thomas family claiming any interest until 1953.

Defendants' evidence was that the father acquired the property in 1919 and that it remained farm property until 1930 when it was platted and streets opened. Following unsuccessful attempts to sell lots defendant (Cosby Thomas) took and maintained continuous possession either by himself or by tenants farming the land, until 1945; in 1950 this defendant contracted to transfer the property to his brother, defendant Clancy Thomas; in 1946 some unopened streets were opened; the lots in Block 15 had been deeded to Curtis Thomas; such transfers had been made in carrying out a family division of the property; Clancy Thomas had paid certain taxes on the lots, and about 1952 had installed a water line; he had derived his interest under contract

in 1950, and had sold some lots to a church group. There was other testimony that the Thomases had been in possession of the property at all times, and that nothing was known of the outstanding tax deed until after a title examination some two years prior to the trial.

The trial court found the resale tax deed, under which plaintiffs claimed title, was void for the reason the sale was not advertised for a sufficient length of time (as required by 68 O.S.1951 § 432b); that plaintiffs had not gone into actual possession of the property so as to acquire prescriptive title. Judgment was entered cancelling the tax deed, conditioned upon defendants making good their tender of taxes, penalties, etc., by depositing the amount of $247.76 ascertained to be due.

As grounds for reversal of the judgment plaintiffs argue three propositions. The first and third of these are based upon plaintiffs' interpretation of the evidence, and may be considered together. The first argument is that until filing of answers and cross-petition (September 17, 1953) defendants never attempted to assert ownership adverse to plaintiffs' claim of title under the tax deed. Plaintiffs construe the evidence as disclosing that defendants did nothing indicating their claim of title and interest in the land; whereas, at all times following issuance of the resale deed, plaintiffs did everything possible to establish title by paying taxes and asserting their ownership by posting signs upon the property offering the land for sale. Upon this basis plaintiffs argue that defendants' claim of having interrupted the plaintiffs' claim of title and possession is without merit, and the trial court erred in so holding.

This argument overlooks the decisive factor which the record presents. The trial court's finding, was that the resale tax deed under which plaintiffs asserted title, was void. The record reflects this sale first was advertised on April 18, 1940, and the sale was advertised for May 13, 1940. The statute, 68 O.S.1951 § 432b, requires that a resale of property for delinquent taxes be given for four consecutive weeks. In Larkin v. Hiittenmeyer, 195 Okl. 669, 161 P.2d 749, we held that where notice of such sale is for a lesser period a resale tax deed based upon such notice (for a lesser period) is void. Since the notice in this instance was only for a period of 26 days the trial court's finding in this respect was correct.

The second argument urged by plaintiffs concerns the propriety of the trial court's finding as respects determination of the question of possession. This question was decided upon the basis of our decision in Sarkeys v. Scott, Okl., 269 P.2d 779, wherein syllabus states:

"When land has been sold for taxes and the tax deed purchaser seeks to rely on the statute, Title 12 O.S.1951 § 93, to create a title by prescription, or to bar an effort of the owner at the time, of the tax sale to show the tax sale was void, the purchaser of the tax title must show recordation of the tax deed and occupancy of the premises, for the period of five (5) years provided for in such statute."

The evidence relative to the nature and duration of the possession relied upon by plaintiffs as establishing a prescriptive title has been noted, as well as the evidence of defendants upon this issue. The finding that plaintiffs had not been in actual possession for the required 5 year period following recordation of the resale tax deed was correct. Gooding v. Edwards, Okl., 290 P.2d 408. The argument that plaintiffs did everything possible to assert their rights to the property is not borne out by the record.

Plaintiffs also predicate their claim for reversal of this judgment upon defendants' failure to make an actual deposit in court of the money required to pay the amount due. This argument is without merit. Under 68 O.S.1951 § 453, when tender of the amount due is made in the pleadings, as defendants did in this case, the time of deposit is left to the trial court's discretion, so long as same is deposited

prior to rendition of judgment in favor of the party making the tender. Wilcox v. Westerheide, 199 Okl. 312, 185 P.2d 452, 173 A.L.R. 1171.

Judgment affirmed.