Jack ROBINSON, et al., Appellants,

v.

Linda P. MATTOX, et al., Appellees.

No. 84–1746.

District of Columbia Court of Appeals.

Argued Sept. 23, 1985.

Decided Nov. 13, 1985.

---

Margaret A. Beller, with whom Carolyn R. Just, Washington, D.C., was on brief, for appellants.

Leonard C. Collins, Washington, D.C., for appellees. Lawrence B. McCafferty also entered an appearance.

Before NEWMAN and STEADMAN, Associate Judges, and PAIR, Senior Judge.

PAIR, Senior Judge:

Appellants purchased a tax certificate for real property and improvements thereon located at 5208 Blaine Street, N.E., at a tax sale held in January 1980. Several years later, in June 1983, appellants were issued a tax deed for the property by the District of Columbia upon payment of accrued taxes and other charges, as its owners, appellees, had not exercised their statutory right of redemption within the prescribed period.[1] In November 1983, appellees filed a complaint in the Superior Court to have set aside on procedural grounds the tax sale and deed. Following a non-jury trial conducted in May 1984, the court agreed that statutory tax sale requirements had not been observed and, consequently, on June 19, 1984, entered an order invalidating the 1980 tax sale and voiding the 1983 tax deed by which the District conveyed the property to appellants. The

1. *See* D.C.Code § 47–1306 (1981).

order further instructed appellees to comply with the reimbursement provisions of D.C.Code § 47–1308 (1981).[2] No appeal was taken from this ruling.

On August 1, 1984, appellees filed in Superior Court a "Motion for Rule to Show Cause" why the court should not declare rentals collected by appellants on the subject property during their possession pursuant to the tax title as a setoff against the reimbursement due them under § 47–1308. Appellants filed an opposition to the motion shortly thereafter maintaining, *inter alia*, that appellees' pleadings in the original action did not request this relief and that no testimony regarding rentals had been presented at trial. On October 23, 1984, a hearing was held on the matter following which the court ruled that appellants' rental income could properly be deducted from the amounts due them under § 47–1308. This ruling was confirmed by the court's order filed on November 13, 1984, which reads in pertinent part:

> [T]he parties hav[e] agreed that the total amount to which the Defendants [appellants] would be entitled under § 47–1308 of the D.C.Code including interest to date is $5,968.78 and that the Defendants have received the sum of $4,550 in rents as alleged by the Plaintiffs [appellees]; and it appear[s] to the Court that it is just and equitable that the amount collected by the Defendants as rent while this matter was pending be offset against the amount otherwise due to the Defendants for the cancellation of the deed. . . .

By its order, the court refused to offset the allowance for appellants' rental income by any sums they expended for repairs or maintenance on the property during the period because they had declined to submit that matter, at the court's invitation, to a special master for resolution.

In this appeal, appellants raise anew the arguments addressed in their opposition to appellees' show cause motion, *viz.*, that the trial court was without authority to consider the request to offset rentals under § 47–1308 inasmuch as there had been no prayer for such relief in appellees' complaint and no testimony or other evidence adduced at trial on the subject. Appellees counter by pointing to paragraph 10 of their complaint, which reads: "Plaintiffs ask the Court to determine any amount necessary to obtain any of the requested relief and stand ready to pay same." They also suggest that a catch-all paragraph in their prayer for relief—"[f]or such other and further relief as the Court deems just and proper"—sufficed to raise the issue. Finally, appellees submit that the court had a duty to offset rentals received under the reimbursement statute and that it could properly do so after trial.

■ Section 47–1308, by its terms, *supra* note 1, provides that a person holding a tax title, which is later deemed to be invalid by any court, is entitled to reimbursement for the amount paid for title as well as taxes paid and interest. While the statute does not expressly provide for the relief sought by appellees in their motion to show cause—a setoff for rentals received by the tax title owners against the amount due them under the statute—such relief is proper. *See, e.g., Wilcox v. Westerheide,* 199 Okla. 312, 315–17, 185 P.2d 452, 455–56 (1947) (and cases cited therein); *Clayton v. Schultz,* 4 Cal.2d 425, 432, 50 P.2d 446, 450 (1935); *see also* 85 C.J.S. § 1016 (1954)

---

2. Section 47–1308 provides as follows:

[Delinquent Taxes]—Invalid sales.

The Mayor of the District of Columbia shall not convey any property sold for taxes if he shall discover, before the conveyance, that the sale was for any cause invalid and ineffectual to give title to the property sold; but he shall cancel the sale and cause the purchase money, together with interest at the rate of 6 per centum per annum, and the surplus, if any, to be refunded to the purchaser, his representatives or assigns: Provided, that if any conveyance made by the said Mayor, of property sold for taxes, shall at any time be set aside by decree of any court as invalid, the party in whose favor the decree is rendered shall pay to the party holding such conveyance, his heirs or assigns, the amount paid for such taxes and conveyances, together with interest at the rate of 6 per centum per annum.

(citing same).[3] From an equitable standpoint, it makes sense in this case to require the tax title owner to account for rentals properly due the true owner. *See Wilcox, supra,* 199 Okla. at 315–17, 185 P.2d at 455–56.

■ Appellants submit, however, that the court erred in even considering the matter of a rentals setoff as it had not been raised in the pleadings or at trial. We disagree. In their complaint at paragraph 10 appellees asked the court "to determine any amount necessary to obtain any of the requested relief and stand ready to pay same," an obvious reference to their reimbursement obligations under § 47–1308. Moreover, appellees prayed "[f]or such other and further relief as the Court deems just and proper." As discussed above, a setoff for rentals is properly taken against the reimbursement due a tax title owner under § 47–1308. We hold, therefore, that the court properly considered the matter, although it was not specifically raised in the pleadings.

■ We also reject appellants' contention that appellees should be denied a rentals setoff because no evidence was adduced at trial on the amount of rentals appellants received on the property while they held tax title. True it is, there was no testimony elicited at trial, or other evidence admitted on the issue of rentals.[4] But at the close of trial, at appellees' counsel's suggestion, the court directed the parties to arrive at a figure for reimbursement under § 47–1308.[5] And, in its June 19, 1984 order cancelling the tax sale and tax deed, the court confirmed that appellees were to comply with the statute. Thus, it is apparent that the court's judgment was conditioned on compliance with § 47–1308, which in turn was conditioned on the parties being able to arrive at a mutually acceptable figure. Accordingly, we hold that since the parties were unable to satisfy that condition, *i.e.,* to agree on whether a rentals setoff was appropriate, the trial court properly entertained appellees' motion to show cause. And, since the parties later agreed on the amount of rent appellants had collected while in possession of the property,[6] no testimony or other evidence was necessary to arrive at the appropriate setoff.

■ Appellants finally argue that if a setoff for rentals is made against the

---

3. The parties have cited no decisional law from this jurisdiction, nor have we found any, which interprets § 47–1308, or its predecessor, D.C. Code § 47–1007 (1973 ed.), as to this particular issue. However, appellants do not contend that a rentals setoff is improper. Rather, they take issue in this case with the manner in which it was raised.

4. The only reference to rentals at trial was made during cross-examination of appellant Robinson:

MR. COLLINS [appellees' counsel]: You've been collecting rent on this place for quite a while, haven't you?
ROBINSON: We've been collecting rent, yes.
\* \* \* \* \* \*
MR. COLLINS: But do you have records and could you give us an accounting of the rentals you have received on this property if the Court, per chance, decides that's proper.
ROBINSON: We have records, yes.
At this point, appellants' counsel objected to any testimony concerning rentals as that issue was outside the scope of the pleadings. Appellees' counsel then responded, making reference to the catch-all prayer in the complaint. The court then interjected, saying: "Both of you can argue that at the conclusion of the case." Yet, the subject of rentals was not brought up again at trial.

5. MR. COLLINS: It seems to me it's in the George Basilico case that the Court said provided that the deed is cancelled ... the payments under Section [47–1308] [are to] be paid. And I will confer with Miss Beller [appellants' counsel] to try and arrive at those figures. And if we can arrive at those figures, fine. If we can't, then I'll probably suggest that—.
THE COURT: Well, there's no reason why you couldn't arrive at those figures.
MR. COLLINS: I would hope not. I think we will. Thank you very much, Your Honor.
\* \* \* \* \* \*
MS. BELLER: Thank you, Your Honor.

6. Appellants' counsel agreed to the figure, albeit reluctantly, at the close of the October 23, 1984 hearing on appellees' motion to show cause. Appended to appellees' response to appellants' opposition to the motion to show cause were copies of checks which evidenced the amount of rentals received by appellants during the period in question.

amount due them as reimbursement under § 47–1308, then they are entitled to a credit against the setoff for amounts they expended for upkeep and maintenance on the property. Suffice it to say that the trial court recognized appellants' right to credit for such expenses at the motion to show cause hearing and, consequently, offered to submit this matter to a special master for resolution.[7] *See* Super.Ct.Civ.R. 53. Counsel for appellants declined.[8] We hold that the trial court properly denied appellants' credit for any maintenance expenses.

Accordingly, the judgment is

*Affirmed.*

---

7. The court stated that it "is of the opinion that they [appellees] should be given credit for any of the rentals. If the parties cannot do it, then I'll have to refer to the Master to take the testimony on what expenses were and give them credit for the rentals."

8. Appellants' counsel had more than one opportunity at the show cause hearing to accept a referral to a special master. She declined, choosing instead to appeal the trial court's initial ruling that appellees were entitled to a rentals setoff.