WILHITE v. PEASE et al.

No. 31808. Dec. 11, 1945.

Rehearing Denied Jan. 15, 1946.

Application for Leave to File Second Petition for Rehearing Denied Jan. 29, 1946.

*165 P. 2d 139.*

Bruce L. Keenan, of Tahlequah, for plaintiff in error.

Bliss & Bliss, of Tahlequah, for defendant in error.

WELCH, J. The parties appear here in the same order as in the trial court.

Plaintiff's petition alleged that he owned 20 acres of land described as the E.½ of S.W.¼ of S.W.¼ of sec. 25, twp. 16 north, range 23 east, in Cherokee county, Oklahoma; that defendant Pease had taken possession of the property without right. He sought possession and damages.

Defendant denied generally, and by cross-petition alleged title in himself as to the south ten acres of the above tract, and an additional 50 acres regarding which there is now no dispute as to title. Defendant's title is based upon a county resale deed. The judgment of the trial court was in favor of defendant quieting his title to the south ten acres of the above-described land, and the additional 50 acres.

The plaintiff on appeal contends that there was error in finding for defendant and quieting defendant's title to the ten acres. He never claimed title to the other 50 acres.

The facts are as follows: Plaintiff's wife purchased the 50 acres in about 1926. Subsequently plaintiff purchased the north ten acres of the above-described tract as a building site. It ad-

joined the 50 acres. In about 1932 plaintiff built a house and other improvements on the south ten acres, to which neither he nor his wife had title, plaintiff claiming mistake in boundary lines. In 1941 plaintiff became aware that the improvements were not on his north ten acres, and on May 4, 1942, he procured a county resale deed from the chairman of the board of county commissioners for a consideration of $5. It is admitted that the county had not then acquired title to the land at resale. Though it is of scant importance, it also appears that in 1926 one Henry Ward had also procured a county commissioners' deed to that ten acres.

On May 11, 1942, this ten acres in controversy was purchased by the county at resale and resale deed to the county was executed on June 15, 1942. On June 17, 1942, plaintiff Wilhite posted a bid with the county treasurer of $50 for the whole 60 acres, including the ten acres in controversy, and after publication, and on the 27th day of July, 1942, said 60 acres was sold to defendant Pease.

Both plaintiff and defendant appeared at that sale as competitive bidders. Pease, however, made the high bid of $200. Thereafter and on August 3, 1942, county commissioners' deed was issued to Pease. There is no evidence or contention that the sale proceedings leading to the Pease deed were in any respect irregular.

Plaintiff asserts, however, that the deed from the county commissioners to Ward in 1926 was void, and that therefore title remained in the county, and that by reason thereof the land was not taxable, hence there could be no tax sale to support the Pease deed. That contention is without merit because it is admitted that the county never acquired title prior to the resale deed of June 15, 1942.

Plaintiff further says that his purchase of the deed from the county commissioners on May 4, 1942, for $5 should be treated as an equitable as-

signment of the tax lien, and that he should be given the status of the holder of a tax sale certificate. No authorities are cited which support that position. On that date plaintiff might have purchased a tax sale certificate and saved the land from tax sale, and proceeded as by statute provided to obtain a certificate deed, or proceeded against the owner as concerns the improvements he had placed on the land, but he did neither of those things.

He seems to have preferred to permit the title to go to the county at resale and take his chances of purchasing same from the county thereafter.

Having failed in that regard, we are unable to perceive upon what equitable principles he can now recover from the man who was his competitive bidder at the sale, and who has paid his $200 to the county upon the faith of the validity of the tax sale proceedings.

Finding no error the judgment is affirmed.

GIBSON, C. J., HURST, V. C. J., and RILEY, BAYLESS, CORN, and DAVISON, JJ., concur.