## MORTON v. ORSDOL.

No. 33168.　Sept. 19, 1950.

*222 P. 2d 520.*

John R. Miller and Roy T. Wildman, both of Sapulpa, and Henry M. Beidleman and George C. Beidleman, both of Okmulgee, for plaintiff in error.

Speakman & Speakman, of Sapulpa, for defendant in error.

WELCH, J. Glen D. Van Orsdol commenced action against Walter W. Morton and others to quiet title to certain described real estate.

The plaintiff in pleading asserted ownership and uninterrupted possession of the lands since he acquired a county commissioner's deed thereto, following a resale of the lands to the county for delinquent taxes.

The named defendant, admittedly owner of legal title except for a county treasurer's resale deed to the county, and the county commissioner's deed to the plaintiff, in pleading attacked the validity of the resale proceeding and deed, and the commissioner's deed and, prayed judgment quieting his title.

Judgment was for the plaintiff. The named defendant, hereinafter referred to as defendant, has appealed.

'There were no conflicts in the testimony and evidence as to the material facts.

A county treasurer's resale deed to the county, describing the land involved, and subsequent dated county commissioner's deed to the plaintiff, each deed regular 'on its face, were

introduced in evidence. It was shown that plaintiff in the year of receipt of the commissioner's deed entered on the premises and built a connecting fence at a cost of $25, and since has pastured or collected rent from others for pasturage of the land, and has paid the taxes levied against the land since the issuance of the commissioner's deed. The commissioner's deed was issued to the plaintiff 13 years before this action was instituted and the resale deed was issued 3 years prior to the commissioner's deed.

It was shown that notice of resale was not given and published prior to the issuance of the resale deed and that defendant was then record owner of the land and has remained the record owner except for the resale deed and the commissioner's deed.

In Rucker et al. v. Burke et ux., 170 Okla. 243, 39 P. 2d 6, it was said:

"Advertisement of the sale of property for taxes is jurisdictional, and the presumption arising from the execution and recording of a resale tax deed that such advertisement has been made may be overcome by proof that the same was not made."

And in Jones v. Storie, 172 Okla. 473, 40 P. 2d 1067, said the court:

"A tax deed based upon a sale of property which was not included in the notice of sale renders both the sale, so far as that particular property is concerned, and the deed based thereon, void."

And in Wilhite v. Pease et al., 196 Okla. 400, 165 P. 2d 139, in syllabus it is said:

"A deed by the chairman of the board of county commissioners purporting to convey land acquired by the county at resale, when there had been no previous resale of same, does not pass any title, nor operate as a transfer of any existing tax lien on the land."

In application of the above stated rules to the undisputed evidence herein, we hold there was no valid resale of the land and no valid resale deed, and that plaintiff. acquired no title to the land by virtue of deed from the chairman of the board of county commissioners.

The plaintiff contends the defendant. was barred from attacking the resale deed and the commissioner's deed by statute of limitation and laches.

In Jones et al. v. McNabb et al., 184 Okla. 9, 84 P. 2d 429, the court, in the syllabus, stated:

"The question of whether a claim is barred by laches must be determined by the facts and circumstances in each case and according to right and justice. Laches, in legal significance, is delay that works a disadvantage to another and causes change of condition or relation during the period of delay.

"The failure of the owner of real estate to pay taxes thereon from 1911 to 1936, and the payment of such taxes by the purchaser at a tax sale, and the increase in value of the property by the discovery of oil nearby, held not sufficient to sustain a defense of laches in favor of the holder of a void tax deed."

Here there was a long period of inaction on the part of the defendant in asserting the invalidity of the resale and the commissioner's deed, and in interfering with the plaintiff's pasturage of the land, but there is no proof that plaintiff suffered any irreparable damage or loss because of a change of conditions in reliance on the inaction and indifference of the defendant. The plaintiff erected a connecting fence on his commencement of pasturage of the land, and paid the taxes on the land during his use of the land, and the land has increased in value, but through no effort of the plaintiff. These facts do not reflect a detriment to plaintiff growing out of defendant's delay in attacking plaintiff's claim of title as sufficient to justify application of the doctrine of laches.

In contention that defendant's defense and attack is barred by statute, plaintiff refers to 12 O. S. 1941 §93, and the

fourth subdivision thereof. The statute provides:

"Actions for the recovery of real property or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter; . . .

"4. An action for the recovery of real property not hereinbefore provided for, within 15 years."

For application of the statute the plaintiff suggests that more than 15 years has passed since the recording of the treasurer's resale deed and before the institution of this action.

As we have noted, the resale deed was void for lack of authority or power of the treasurer to make resale of the property. In the circumstances the lack of authority or power is reflected in the record of the sale proceedings which record is referred to in the face of the deed. If it be said that the resale deed was notice to the defendant owner of the land of a claim of title by the county, then with equal force it must be said that the record of the resale proceeding was notice to the defendant of the invalidity of such deed. In such circumstances the mere recordation of resale deed does not constructively oust the original owner, and actual occupancy by the county would be required to set in motion the statute of limitation, supra.

In Keller v. Hawk, 19 Okla. 407, 91 P. 778, it is held the statute of limitations cannot be invoked in aid of a tax deed which is void upon its face. Therein is cited an early Kansas case wherein we note this expression:

"There would seem to be no reason why a void tax deed should cause the statute of limitations to run in its favor. Does a party holding such deed constructively oust the original owner by simply putting his deed on record, whether the original owner be in actual possession of the property covered by the tax deed or not? A void deed cannot draw after it, nor to it, the constructive possession of the property although the property may be vacant and unoccupied. Then why should the original owner commence any action to test validity of the tax deed? He need not commence an action for the recovery of his property for he is already in the constructive if not in the actual possession thereof, and his title is as good as it ever was." Sapp v. Morrill, 8 Kan. 457.

Here the resale deed as recorded appears on its face to be valid, but the record of the prior resale proceedings by the county reflected its invalidity. The defendant as owner of the property described in the resale deed and with notice of the deed as imported by its recordation had equal notice of the record of the resale proceedings, and unless ousted of actual possession by the county, had no cause to commence action for the recovery of his property.

In application of the statute, supra, limiting the time of commencement of action for the recovery of real property where the adverse claim of title rests on a void resale tax deed, it does not appear material whether the invalidity is reflected in the face of the deed or on the face of the resale proceeding, since taking of possession of the property thereunder is a necessary element to set the statute in motion.

In Burckhalter v. Vann, 59 Okla. 114, 157 P. 1148, this court said:

"In an action to cancel a void conveyance of land, the plaintiff is not barred by any lapse of time short of that sufficient to establish title by prescription, as fixed by subdivision 4, sec. 4655, Rev. Laws 1910." (12 O. S. 1941 §93, 4, supra.)

Title by prescription is acquired after occupancy. 60 O. S. 1941 §333 provides:

"Occupancy for the period prescribed by civil procedure, or any law of this state as sufficient to bar an action for recovery of the property, confers a title thereto, denominated a title by prescription, which is sufficient against all."

Herein the plaintiff made no claim of having taken possession of the property until receipt of commissioner's deed, or 13 years before the commencement of this action, but suggests that he was a successor to the county in claim of title under the resale deed issued 3 years before commissioner's deed, and that presumption exists that the county officials took possession of the land under the resale deed.

But the resale deed was void and no presumption follows that the county took possession of the defendant's property under such void instrument. The following rule as stated in 2 C. J. 53, is here applicable:

"The constructive possession of land is always in the holder of the best title, unless he has renounced it, and this constructive possession can never be ousted by anything less than an actual possession maintained for the necessary period."

In plaintiff's occupancy of the land for 13 years he acquired no title by prescription and the statutes supra do not apply in bar of defendant's proceeding against the void conveyance under which the plaintiff claims title.

The plaintiff asserts the defense offered by the defendant in the trial court should fail for lack of proper tender of taxes, penalties, interest and cost.

The record reflects that the defendant in his answer pleads a tender of all taxes, etc., as required by statute, and, indeed, in the language of the statute. At trial, and at the close of the evidence on the merits of the case, the defendant tendered and deposited into court the sum of $200 and made request that the court determine from the evidence the amount of necessary tender, and stated that he would put up such further amounts as found by the court as necessary to meet the requirements of the law. At the time of the deposit the trial court suggested that "$200 ought to be sufficient" and advised the defendant "if it checks up and figures up more, you can put it up." The plaintiff entered objections to the sufficiency of the tender. Thereafter judgment was rendered for the plaintiff without a finding by the court on the question of sufficiency of the defendant's tender or a specific determination of the question of the sufficiency of the tender.

Under the provisions of 68 O. S. 1941 §453, a party in circumstances such as defendant who attacks a tax deed is required to tender in open court such an amount as equals all taxes, penalties, interest and cost which a party would be bound to pay if he was then redeeming the land from tax sale. Crewson v. Spencer, 192 Okla. 582, 141 P. 2d 274. And the statute requires dismissal of the action, or defense, in attack upon tax deed, upon failure to comply with applicable provision relating to tender.

As a basis of contention that defendant's tender was insufficient and not in compliance with statute, the plaintiff here directs attention to admissions and records in evidence which reflect that the amount that defendant would be required to pay if he were redeeming the land from tax sale would be in excess of $200. We note that such matters in evidence do not contain separate statement of taxes, penalties and costs as will here permit an exact computation.

As we have noted above, the $200 deposit was not the limit of defendant's tender, but accompanying the deposit was an offer of defendant to pay into court all charges found by the court as necessary to a making good of the tender as stated in his pleading, and a request of the defendant for specific finding on the question of tender. In the circumstances of the offer and deposit and request, and the plaintiff's objections to the sufficiency of the deposit, it became the duty of the trial court to determine the amount the defendant would have been bound to pay if he was then redeeming the land from tax sale and until such determination

the defendant may not be adjudged to have failed to make good his offer.

For incompleteness of hearing and determination of the issue of tender and for the reasons above stated, the judgment as rendered by the trial court is reversed and the case is remanded to the trial court for further proceedings. Under remand of the case the trial court is directed to make a determination of the amount the defendant would be required to pay if he was then redeeming the land from tax sale and if thereupon the defendant promptly pays into the registry of the court the amount as shall be so determined, the court is directed to enter judgment for the defendant and in accord with the views herein expressed, otherwise, and in event the defendant fails to make good his offer and tender and promptly pay such amount as found by the court, then and in that event the court is directed to dismiss the answer and defense and action of the defendant, and enter judgment for the plaintiff.

DAVISON, C. J., and LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V. C. J., and CORN, J., dissent.