PRIDDY et ux. v. MASSEY et al.

No. 35371. April 21, 1953.

256 P. 2d 425.

Jack Bradley and Hal Welch, Hugo, for plaintiffs in error.

Lloyd Story, Valliant, Geo. T. Arnett, Idabel, and O. A. Brewer, Hugo, for defendants in error.

BLACKBIRD, J. This is an appeal by E. S. Priddy and his wife Elsie Priddy, plaintiffs in the court below, from said court's judgment dismissing their action upon sustaining defendants' demurrer to their petition. The sole question involved is whether said plaintiffs' petition alleged facts sufficient to constitute a cause of action in their favor as against the defendants. We will continue to refer to the parties as they appeared in the lower court.

The property involved in this action was 120 acres of land originally owned by defendants and later sold at a tax resale in 1943 for delinquent ad valorem taxes for the years 1931 and 1942, inclusive. In their petition plaintiffs show that they deraigned their title by mesne conveyances through the purchaser at resale. At the time they obtained their deed they already owned an adjoining 40-acre tract, which, together with the 120 acres thereby acquired, their petition alleges they occupied as a unit constituting their homestead of 160 acres. They also alleged that for the years 1949, 1950 and 1951, the entire 160 acres had been so designated by their annual applications for homestead exemption, the first of which was filed on January 11, 1949. Plaintiffs' petition, filed in July, 1951, contains, among others, further allegations whose substance is that defendants had, slightly more than two months previously, procured a judgment in cause No. 12959, of said court, purporting to quiet their title against the plaintiff E. S. Priddy, in the 120 acres referred to, but that said judgment is wholly void and of no effect, because the plaintiff Elsie Priddy, plaintiff E. S. Priddy's wife, at the commencement of said action and at all times thereafter, was not a party thereto or to the judgment rendered therein. Plaintiffs' petition prayed, among other relief sought, for the court to set aside said judgment and hold it for naught as a cloud upon their title.

Paragraph 1, of defendants' demurrer to the above-described petition, contains the general allegation that same does not state facts sufficient to constitute a cause of action. Though plaintiffs' petition nowhere therein specifically made the previous judgment therein attacked a part thereof, defend-

ant's demurrer had attached to it a purported copy of said judgment, together with the findings of fact and conclusions of law it was alleged to have been based upon, and paragraphs 2 and 3 of the demurrer set forth the following allegations:

"(2) That the petition filed herein shows on its face and by reference to the findings of fact and decree of the court in cause number 12959, District Court of Choctaw County, have already been adjudicated by this court, and that this action is an attempted collateral attack on the judgment and decree of this court, made and entered in said cause No. 12959, and which finding of fact, judgment and decree are made a part of plaintiffs petition by reference thereto. For the convenience of the court a copy of said finding and facts and conclusions of law and decree of the court are hereto attached, marked Exhibits 'A' and 'B'.

"(3) That the petition filed herein sets forth no facts other than that a judgment and decree was rendered in said cause No. 12959, but sets forth conclusions of law as to the invalidity of said judgment."

For reversal, plaintiffs rely upon decisions of this court in Van Meter v. Field, 195 Okla. 555, 159 P. 2d 546; Mercer v. McKeel, 188 Okla. 280, 108 P. 2d 138; and Sixkiller v. Weete, 175 Okla. 204, 51 P. 2d 807. In the two earlier of these cases, we held:

"When a husband and wife are living upon property the title to which is claimed by the husband and both have a homestead claim thereon, an action against the husband alone for the purpose of trying the issue of whether he ever acquired title to said property, the wife not being made a party to said action for the purpose of litigating and determining the homestead interest in the property, is erroneous for a lack of proper parties, the wife being an indispensable party to such action, and any judgment rendered therein against the husband alone does not conclude the wife, and same may be attacked and vacated by the wife at any time."

In the Van Meter case, supra, we cited the Sixkiller case and held void

as to both husband and wife a judgment against the husband foreclosing a mortgage on their homestead, whose title was in him.

Defendants say that the facts of the above cases distinguish them from the present one, but we find no such distinction sufficient to preclude application to the present case of the rule promulgated and followed therein.

Defendants also rely heavily upon the veracity and correctness of the judgment in cause No. 12959, and the findings and conclusions upon which it was based, which they say is reflected in the exhibits attached to their demurrer. They argue that these exhibits show that the tax sale through which plaintiffs' title is deraigned, as well as the deed constituting their purported color of title, is void and of no effect. They say that these purported judicial pronouncements (which, being incorporated in the record merely as exhibits attached to their demurrer, cannot be considered as evidence) show that Mr. Priddy has no right, title or estate, either legal or equitable, to the lands in question, and that therefore his wife, who has no more nor better title and whose only claim to the land is through the same void deed, could not have been a necessary or proper party to cause No. 12959. They cite Wilcox v. Westerheide, 199 Okla. 312, 185 P. 2d 452; Morton v. Van Orsdol, 203 Okla. 394, 222 P. 2d 520, and other authorities as supporting their argument. In the earlier of these cases, we held:

"The holder of a void tax deed who takes possession of the property covered by such deed is not rightfully in possession of such property, * * *."

In the later case, where a county purchased property by a void resale deed, we said no presumption followed such purported purchase that the county took possession of the property, and we referred to the rule stated in 2 C. J. 53, that:

"The constructive possession of land is always in the holder of the best title

unless he has renounced it, and this constructive possession can never be ousted by anything less than an actual possession maintained for the necessary period."

In the present case, as in all cases involving only the sufficiency of a petition to withstand a demurrer, the allegations thereof must be taken as true, for the purpose of ruling on said demurrer. Plaintiffs' petition specifically alleges that the quarter-section of land involved "now does and has at all times herein complained of, constituted the family homestead of these plaintiffs, and has been during all such times so complained of herein and is now occupied by them as a unit as their homestead." This petition goes on to attack the previous judgment holding the plaintiff Priddy's deed void as being void, itself, and prays that it be set aside. It is thus obvious that the question before us is not governed by the Wilcox and Morton cases, supra, in which it was judicially determined, upon the basis of *proof*, that the tax deeds involved were void. Here, the validity of the tax deed constituting plaintiffs' muniment of title, and the allegations made pro and con on that subject, are yet to be determined by a trial on the merits of this case. Therefore, in accord with the above rule governing court decisions on demurrers to petitions and the rule promulgated and followed in the Sixkiller, Mercer and Van Meter cases, supra, the trial court should have overruled defendants' demurrer despite the unauthenticated papers attached to it. Its judgment and order to the contrary is hereby reversed, with directions to said court to set it aside and proceed in a manner not inconsistent with the views expressed herein.

CORN, DAVISON, O'NEAL, and WILLIAMS, JJ., concur.