J. C. MASSEY and A. N. Harley,
Plaintiffs in Error,

v.

E. S. PRIDDY and Elsie Priddy,
Defendants in Error.

No. 36865.

Supreme Court of Oklahoma.

May 1, 1956.

Rehearing Denied Sept. 25, 1956.

Tom Finney, Idabel, for plaintiffs in error.

Hal Welch, Jack Bradley, Vester Songer, Hugo, for defendants in error.

JOHNSON, Chief Justice.

Briefly the facts necessary for determination of the issues in this case are that J. C. Massey, one of the plaintiffs in error herein, filed an action against the defendant, E. S. Priddy, for cancellation of certain tax proceedings and tax deeds and to quiet title to the real property involved in this law suit. Judgment was rendered in favor of the plaintiff, J. C. Massey, and the judgment became final. Thereafter, E. S. Priddy and Elsie Priddy, his wife, brought an action against plaintiffs in order to vacate and set aside the judgment entered against E. S. Priddy, alleging as grounds therefor that the land involved in the judgment constituted a part of the homestead of E. S. Priddy and Elsie Priddy, his wife; that because of the homestead status of the property Mrs. Priddy was a necessary party to the former action brought only against E. S. Priddy.

Demurrer to the sufficiency of this petition was sustained, resulting in an appeal to this Court, Priddy v. Massey, 208 Okl. 369, 256 P.2d 425, wherein the petition was held to state a cause of action, and the case was reversed and remanded for further proceedings.

Upon the trial of the case on the question of whether the lands involved constituted a part of the Priddys' homestead, the trial court found in favor of plaintiffs and vacated the prior judgment, resulting in this second appeal.

The substance of the grounds for reversal of the judgment of the trial court is that the trial court erred in admitting incompetent, irrelevant and immaterial evidence on the part of the defendants in error; that the judgment of the court is not sustained by the evidence and is contrary to law.

It is conceded by defendants that if the lands involved constituted a part of the Priddys' homestead, the questioned judgment was amenable to the vacation proceedings, but they argue that the evidence did not establish the homestead status of the property.

Without narrating the evidence in detail, it is sufficient to say that the judgment is not against the clear weight thereof, as we have carefully examined the record and find that it sustains the trial court's finding that the property involved constituted a part of the Priddys' statutory and constitutional homestead, and that the failure of the parties to make Mrs. Priddy a party to the prior action quieting title to such property rendered any judgment quieting title therein as against them wholly void and of no force and effect, and the same was properly set aside and vacated by the trial court's order and decree. Priddy v. Massey, supra; Mercer v. McKeel, 188 Okl. 280, 108 P.2d 138, and cited cases.

The issue tendered and tried was the invalidity of the judgment because of the defect in parties defendant, that is, the failure to make Mrs. Priddy (an indispensable party) a party to the action. Priddy v. Massey, supra. Therein, in the first paragraph of the syllabus we said:

"When a husband and wife are living upon property, the title to which is claimed by the husband, and both have a homestead claim thereon, an action by a third party against the husband alone to establish an interest in such land adverse to the homestead claim is erroneous for lack of proper parties. In such case the wife is an indispensable party, and any judgment rendered therein against the husband alone does not conclude the wife, and same may be attacked and vacated at any time by the wife."

Other questions raised are without merit, and we deem it unnecessary to discuss them.

Judgment affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.