James LORIS, Jr., Plaintiff in Error,

v.

Katina Loris PATRICK, Individually and as Executrix of the Estate of James Loris, Sr., deceased, June Marie Loris Harkins and Gene Loris, Defendants in Error.

No. 40885.

Supreme Court of Oklahoma.
April 26, 1966.

As Amended May 10, 1966.

Ingle & Ingle, by R. O. Ingle, Sallisaw, for plaintiff in error.

W. S. Agent, Sallisaw, Dobbs, Pryor & Dobbs, Fort Smith, Ark., for defendants in error Katina Loris Patrick and June Marie Loris Harkins.

Jim Jones, Sallisaw, John G. Holland, Fort Smith, Ark., for defendant in error ·Gene Loris.

PER CURIAM:

James Loris, Jr., plaintiff in error here and plaintiff below, instituted this action to establish and quiet title to certain lands in Sequoyah County, Oklahoma. He alleged he was the owner of the lands by reason of a parol gift of same from his father and by further reason of prescription. Plaintiff further alleged that his title thereto was acquired by and through his adverse possession of said property for more than 20 years of open, notorious, peaceful and adverse possession of same, and that by the Statutes of Limitation he had acquired title by prescription, after taking possession of same by reason of the gift of same from his father in the year 1942.

The defendants in error, defendants below, being the Executrix of the Estate of James Loris, Sr., and the brother and sisters of plaintiff, by general denials and cross-petition, alleged that said lands were purchased by James Loris, Sr., on or about May 15, 1911, and were owned and possessed by him until the time of his death on or about January 26, 1962, and at that time said lands were willed to plaintiff and defendants on a share and share alike basis.

Upon the issues being joined, same was tried and judgment rendered for defendants, quieting title to the lands in plaintiff and defendants alike, and with further judgment for plaintiff, representing the amount of taxes he had paid on the land.

The plaintiff below, James Loris, Jr., has appealed from the order overruling his motion for a new trial.

Plaintiff argues the following proposition for reversal of the judgment against him, to-wit:

"The trial court erred in not finding that plaintiff owned the property involved in this action through his adverse possession for more than twenty years; that he took possession of said property (farm) through his father as a wedding present in the year 1942, and at all times there-

**252**

after he paid the taxes, lived on said farm, claimed it as his homestead, and had exclusive possession and control of said farm adverse to any and all persons, corporations, partnerships, or associations whatsoever, resulting in title by prescription; that by reason thereof the trial court's finding and judgment was:

(1) Against the clear weight of the evidence.

(2) Contrary to Law.

(3) That the court's admission of evidence by the defendant over the objections and exceptions constitutes reversible error and grounds for a new trial."

Plaintiff's proposition has been submitted as one proposition alleging ownership based on parol gift and title by prescription, and the same will be considered in two parts:

1. First, that of title by prescription.

2. Second, that of parol gift.

## TITLE BY PRESCRIPTION

■ The rule as set by this court in Coats v. Riley, 154 Okl. 291, 7 P.2d 644; and Clark v. Atchison, T. & S. F. Ry. Co., 144 Okl. 244, 291 P. 86, is that possession to be adverse must be open, visible, continuous, and exclusive, with a claim of ownership, such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claims of others, but against all titles and claimants.

■ In Mason v. Evans, Okl., 410 P.2d 534, it was stated as follows: "Although the payment of taxes by one who claims land by reason of adverse possession for the required prescriptive period constitutes evidence of claim of ownership, the payment thereof is not necessarily controlling in determining claim of ownership or possession during such period."

In Norman v. Smedley, Okl., 363 P.2d 839, we held:

"The party relying on a title by adverse possession has the burden of proving all the facts necessary to establish such a

title. Adverse possession is to be taken strictly, and every presumption is in favor of a possession in subordination to the rightful owner. Title by adverse possession, therefore, must be established by clear and positive proof. It cannot be made out by inference. All of its constituent elements must be established. Thus it is necessary to prove an actual, open, notorious, exclusive, and hostile possession for the full statutory period."

In Anderson v. Francis, 177 Okl. 47, 57 P.2d 619, 620, we held:

"Title to land cannot be acquired by adverse possession unless the possession is open, notorious, hostile, and exclusive, and it is also essential that such possession, in order that it may ripen into title, should be shown to be continuous and uninterrupted for the full statutory period. The moment the possession is broken it ceases to be effectual, because as soon as, and as often as, a break occurs the law restores the constructive possession of the owner."

■ The record discloses that plaintiff had lived on this land for a short period of time, and had paid some of the taxes over the years, in question. Certain witnesses testified that it was their understanding that plaintiff had been given the farm in question by his father but the record is vague and uncertain about any details concerning the gift. Plaintiff testified that he had lived on the land with his father's consent and knowledge and by reason of a gift of same to him. He further testified that he had moved off the land during the war years, and that he had rented the land for cash, but no other proof was made of any income or rents from the land in question. He further testified that for approximately twelve years he had rented same to one renter; that he himself had worked the land and has made improvements thereon; had raised cattle on same and produced crops for market; and that he had complete exercise and control of same, and that it was the general public knowledge that he owned the land.

Contrary to this testimony the defendants testified that plaintiff was only permitted to live on the land with the express consent of his father and that there was much discussion between Sr. Loris and Jr. Loris as to what was to become of the land in question, and further discussion by Loris Sr. about his selling same, which was objected to by James Loris, Jr.

The record further shows that defendants' testimony was that James Loris, Sr., had many times during the period of time in question, leased the land for oil and gas and the rentals thereon paid to him, and that he had paid a portion of the taxes, and had even redeemed same when he failed to pay the taxes for one year, and the land was sold for delinquent taxes.

The will of James Loris, Sr., was introduced which had been admitted to probate in the State of Arkansas, and under its terms, the property in question was devised to his children on a share and share alike basis.

Defendants' testimony by Mrs. Patrick is that this land was a very sore spot and touchy subject between James Loris, Sr., and James Loris, Jr., and many conversations had taken place between them, apparently in an attempt by James Loris, Jr., to get his father to deed the property to him. Many checks were introduced into evidence by defendants showing that James Loris, Sr., had advanced or given certain money to James Loris, Jr., over the years for the purpose of showing that such money was used in taking care of and working the land in question.

Among other evidence introduced by defendants was a photostatic copy of an original "Claim Against Estate" filed by James Loris, Jr., against the estate of James Loris, Sr., in the amount of $8,104.20, which was filed prior to the date this law suit was filed. This claim stated that it was for expenses, labor, material and improvements made by James Loris, Jr., on the land in question. Various other instruments were introduced into the record, all of which are not material to be set out herein, but none of which appear to be prejudicial by their introduction and admittance by the trial court.

From a careful examination of the record, there appears to be certain short periods of time in which adverse possession can certainly be claimed and proved, but from an examination of the entire record, there appears too many breaks in the continuous statutory period of time in question to clearly come within the rule of adverse possession.

This case clearly comes within the language used by this court in Mason v. Evans, supra, wherein we said:

"The most that can be said for plaintiff's proof is that the possession, if he had any, was mixed and scrambled. Under the facts and circumstances in this case it could not be classed as exclusive."

### TITLE BY PAROL GIFT

Plaintiff further contends that he has title to said land by reason of a parol gift from his father allegedly made to him as a wedding present in the year 1942. He argues that as a result of such gift he moved on the land with his family and lived until he was about to be called into Military Service, and for that reason he moved off of same and sold his livestock and rented the land out for cash; that he had from time to time thereafter worked and improved the land by filling ditches and gullies, and raised cattle, hogs and produce for market; and that he had paid the taxes on said land and introduced certain tax receipts. Some of the tax receipts indicated the name of James Loris and others indicated the name of James Loris, Jr., but there was considerable conflict as to whether the taxes were paid by James Loris, Jr., or James Loris, Sr., and with further conflict as to whether some receipts had been altered.

In Johnson v. Kimmell, 172 Okl. 315, 44 P.2d 978, we held:

"The general rule is that a parol gift of land, accompanied by possession by the

donee, will be enforced in equity when the donee has been induced by the promise of the gift to make valuable improvements to the land, of a permanent nature, and to such an extent as to render a revocation of the gift unjust, inequitable, and a fraud upon the donee. Such a state of facts will take the case out of the statute of frauds, and entitle the donee to enforce specific performance of the gift, and to defend his possession against the donor or his heirs. It must be shown, however, that possession was given and taken in pursuance of and in reliance on the gift, with the knowledge and consent of the giver, and that such possession was exclusive."

See also Cobb v. Whitney, 124 Okl. 188, 255 P. 566.

The trial court made a personal inspection of the lands in question and found no evidence that plaintiff had made valuable improvements to the land of a permanent nature. Nor is there sufficient evidence that would support plaintiff's theory that he obtained title to the property by parol gift from his father which would take it out of the statutes of fraud.

Judgment affirmed.

The Court acknowledges the services of Meredith E. Hardgrave, who with the aid and counsel of Joe Stamper and Donald R. Hackler, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Justice Pat Irwin, for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN, BERRY and LAVENDER, JJ., concur.