**CLOER LAND COMPANY, Appellant,**

v.

**Phyllis J. WRIGHT and Robert
L. Wright, husband and
wife, Appellees.**

No. 78612.

Court of Appeals of Oklahoma,
Division No. 3.

March 23, 1993.

Rehearing Denied May 18, 1993.

Certiorari Denied July 20, 1993.

David D. Kennedy, Susan Moebius Henderson, Oklahoma City, for appellant.

William F. Collins, III, Oklahoma City, for appellees.

### MEMORANDUM OPINION

HANSEN, Chief Judge:

On March 8, 1990, Cloer Land Company (Plaintiff) filed a lawsuit against Phyllis and Robert Wright (Defendants) seeking to quiet title against Defendants with regard to a one acre strip of land (The Strip). At the time the action was instituted, Plaintiff was record owner of The Strip and a tract of approximately twenty acres (The 20 Acre Tract) located immediately south of The Strip. Plaintiff was then also in possession of both tracts.

Defendants were previous owners of the 20 Acre Tract, but upon commencement of the lawsuit did not own any property adjoining The Strip, nor do they now.

During the course of the action, Plaintiff amended its petition twice, the first time adding a second cause of action for damages because the stairway of a barn owned by the Wrights extended onto some of its property. Defendants' answer to the amended petition stated the stairway of the barn had been removed. In its second amended petition, Plaintiff, in addition to

pursuing its second cause of action, also added a third cause of action for reformation of certain deeds and mortgages from Defendants to the First National Bank of Edmond (Bank) to include a legal description of The Strip.

Defendants counterclaimed against Plaintiff, seeking to quiet title to The Strip by virtue of adverse possession.

On December 12, 1990, Plaintiff filed a motion for partial summary judgment. The motion was denied. Thereafter, Defendants moved for summary judgment, and Plaintiff responded, reasserting its motion for summary judgment. The trial court overruled Plaintiff's motion for summary judgment and sustained Defendants' motion for summary judgment on their adverse possession claim and thereafter awarded attorney fees and costs against Plaintiff. It is from these rulings Plaintiff appeals.

The following is a chronology of events involving The Strip and The 20 Acre Tract that led to the filing of this action:

1. Mildred I. Northrup obtained title to the entire West Half (W½) of the Northwest Quarter (NW¼) of Section 5, Township 13 North, Range 2 West of the Indian Meridian, Oklahoma County, Oklahoma, by virtue of Warranty Deed dated October 6, 1948.

2. In 1962 Northrup conveyed to John W. Wallace and Geraldine L. Wallace the Northwest Quarter (NW¼) of the Northwest Quarter (NW¼) (also known as Government Lot 4 and comprising a 41 acre tract) of said section by virtue of a quit claim deed dated August 14, 1962.

3. At the time of this conveyance, there was located at the north boundary of The Strip, a fence separating The Strip from the remainder of Government Lot 4, which remaining 40 acres was later platted into the Arrowhead Lake Subdivision by the Wallaces in June, 1968. The fence remains on the north boundary of The Strip to this date. Record title to The Strip was retained by the Wallaces until February 15, 1990, at which time it was conveyed to Plaintiff pursuant to a quitclaim deed. Regardless of record ownership thereof, The Strip has been possessed by the various owners of the 20 Acre Tract since 1962.

4. As to the Southwest Quarter of the Northwest Quarter of said section, by warranty deed dated November 1, 1972, Northrup conveyed to Albert E. Lukken and Milton W. Deason a tract of land which included the 20 Acre Tract presently owned by Plaintiff.

5. By warranty deed dated December 23, 1983, Lukken and Deason conveyed the 20 Acre Tract to Defendants. During the time legal title to the property in the Southwest Quarter (SW¼) of the Northwest Quarter (NW¼) was in the name of Lukken and Deason, title to The Strip that was actually part of the conveyance to the Wallaces became vested by adverse possession on or about August 1977, 15 years after the conveyance to the Wallaces.

6. By warranty deed dated December 23, 1983, Lukken and Deason conveyed the 20 Acre Tract to Defendants.

7. By warranty deed dated July 30, 1984, Defendants conveyed title to the 20 Acre Tract to Defendant Phyllis J. Wright.

8. By general warranty deed dated May 15, 1989, Defendants conveyed all their right, title and interest in and to the 20 Acre Tract to the Bank. That general warranty deed was given as a deed in lieu of foreclosure of various mortgages held by the Bank. Defendants' possession of The Strip terminated contemporaneously with the delivery of that instrument to the Bank.

9. By warranty deed dated October 18, 1989, Bank conveyed the 20 Acre Tract to Plaintiff. Plaintiff remains the record owner of the 20 Acre Tract at this time.

10. Plaintiff has occupied and possessed the 20 Acre Tract and The Strip from October 18, 1989 through the date of the trial court judgment in favor of Defendants. At all times subsequent to the 1968 filing of subdivision plat, The Strip has continuously been occupied by the parties who held legal title to the 20 Acre Tract.

11. After conveying the 20 Acre Tract to Bank and after Plaintiff had acquired the 20 Acre Tract from Bank, Defendants, obtained two quitclaim deeds covering The Strip. The first quitclaim deed was from Northrup to Phyllis J. Wright dated November 17, 1989. (Northrup had previously conveyed all her right, title and interest in The Strip to the Wallaces by virtue of the 1962 quitclaim deed referenced above.) The second conveyance obtained by Defendants was a quitclaim deed from Lukken and Deason dated May 4, 1990. The second quitclaim deed was acquired and recorded two months after the commencement of the lawsuit. In both instances, the grantors were strangers to the title at the time of the grant.

12. Operating under the impression that Defendants were owners of the 20 Acre Tract, Plaintiff submitted a purchase contract dated June 23, 1989, another on July 1, 1989, and another on July 16, 1989 to purchase the 20 Acre Tract. After learning Bank was the owner of the 20 Acre Tract, Plaintiff ended negotiations with Defendants and purchased the site from Bank. As previously mentioned, on February 15, 1990, the Wallaces, who retained record title to The Strip, conveyed The Strip, by quitclaim deed, to Plaintiff.

In order to establish adverse possession, a claimant must show that possession was hostile, under claim of right or color of title, actual, open, notorious, exclusive, continuous, and for fifteen years. *Shanks v. Collins*, 782 P.2d 1352 (Okl. 1989). It is essential that such possession, in order that it may ripen into title, should be shown to be continuous and uninterrupted for the full statutory period. *Loris v. Patrick*, 414 P.2d 249 (Okl.1966). Herein, continuous and uninterrupted possession was achieved by tacking possession of predecessors to the succeeding adverse occupants. *See Macias v. Guymon Indus. Foundation*, 595 P.2d 430 (Okl.1979). De-

fendants acquired title to The Strip by adverse possession.

During the course of the lawsuit, and on appeal, Defendants maintain they knew of the existence of The Strip at all times when they mortgaged (in 1984, 1985, and 1986) the 20 Acre Tract to Bank, and that they never intended to mortgage or convey The Strip to Bank. Plaintiff, on the other hand, argues the intent of Defendants is not relevant to the disposition of the motion for summary judgment. It contends Defendants' adverse possession claims ended, as a matter of law, when Defendants relinquished possession of The Strip. We agree.

The intent with which an adverse possessor occupies the property is immaterial if he meets the criteria set forth above. *Walthers v. Tanner*, 204 Okl. 598, 233 P.2d 303 (1951). Defendants relinquished possession of The Strip in 1989. Likewise, intent, or lack of intent in this instance, to relinquish property is immaterial if the adverse possessor no longer satisfies the key element of possession in order to claim title by adverse possession. Defendants have no claim to The Strip. The trial court erred in granting Defendants' motion for summary judgment.

Plaintiff also submits the trial court abused its discretion in awarding attorney fees to Defendants pursuant to 12 O.S.1991 § 1141.[1] Because Defendants are not the prevailing parties in this action, they are no longer entitled to attorney fees.

This cause is REVERSED AND REMANDED for further proceedings consistent with this opinion.

BAILEY, P.J., and HUNTER, J. concur.

---

**1.** 12 O.S.1991 § 1141 provides, in part:
  If a written request for the correction of a title defect has been refused without reasonable cause and an action is brought pursuant to the

provisions of this section, the court may award reasonable attorneys fees to the prevailing party.