**John E. WILLIS, Jr., and Barbara J. Willis, Appellees,**

v.

**Wanda HOLLEY, Appellant.**

No. 83839.

Supreme Court of Oklahoma.

Oct. 1, 1996.

James W. Connor, Selby, Connor, Maddux & Janer, Bartlesville, for Appellant.

David B. King, John A. Maisch, J. Michael Simpson, Brewer, Worten, Robinett, Johnson, Worten & King, Bartlesville, for Appellee.

HODGES, Justice.

The issue in this case is whether the plaintiffs have an easement by prescription over a roadway on defendant's land. We find they have not acquired an easement.

## I. FACTS

The plaintiffs, John E. and Barbara Willis (collectively "the Willises"), own the land adjacent to that of the defendant, Wanda J. Holley (Holley). About 1949, plaintiffs' predecessor, Mr. Martin, began using a roadway over the Holly farm to access what is now the Willises' farm. Mr. Martin sold his land to Mr. Gray. Then the Willises bought the land in 1993. The Willises and their predecessors have used the roadway continuously to access the Willises' farm.

In 1949, when Mr. Martin began using the driveway, the defendant's father, who died in 1984, owned the Holley farm. After his death, his wife owned the farm until 1993 when she died. After her death, Wanda J. Holley moved onto the farm. She fenced the previously unenclosed farm and put up a gate. After the Willises refused to close the gate, Holley refused the Willises permission to use the property.

The Willises filed a quiet title action and requested an injunction. The trial court granted the injunction and quieted title to the roadway in the Willises giving them an easement. The Court of Appeals affirmed the trial court's judgment. This Court granted certiorari.

## II. EASEMENT BY PRESCRIPTION

Section 333 of title 60 provides for acquisition of an easement to property by prescription. The requirements for an easement by prescription are generally the same as those for acquiring title by adverse possession. *Zimmerman v. Newport,* 416 P.2d 622, 629 (Okla.1966). Because acquisition by prescription is disfavored, the party claiming title adversely has the burden of proving every element by clear and positive evidence, and every presumption favors the rightful

owner. *Loris v. Patrick*, 414 P.2d 249, 252 (Okla.1966). The burden is more stringent for a person claiming an easement by prescription over unenclosed lands than one claiming an easement over enclosed land. *Irion v. Nelson*, 207 Okla. 243, 249 P.2d 107, 108 (1952).

▮ To acquire possession by prescription the "possession must be open, visible, continuous, and exclusive, with a claim of ownership, such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claims of others, but against all titles and claimants." *Id.* Furthermore, the possession must also be actual, notorious, and hostile. *Id.* 249 P.2d at 109–10. If the owner acquiesces in or consents to the use of the land, then the use is not adverse and title by prescription cannot be acquired. *Board of County Comm'rs of Jackson County v. Owen*, 196 Okla. 538, 166 P.2d 766, 767 (1946).

▮ All the evidence presented in the present case is that the use of the road was permissive and not adverse to the owner. In fact, no evidence was introduced which would even suggest that the use of the road was adverse. However, the Willises posit that the use of the road for many years creates a presumption that the use was adverse and that the burden is on Holley to show otherwise. We do not agree.

This Court rejected this same argument in *Irion v. Nelson*, 207 Okla. 243, 249 P.2d 107 (1952). In *Irion*, a road over the defendant's land had been used for many years by the plaintiff and the public. The plaintiff argued that because of the length of the use, a presumption arose that the use was adverse. Citing *Friend v. Holcombe*, 196 Okla. 111, 162 P.2d 1008 (1945), this Court recognized the rule that "an open, continuous use of land for the prescriptive period will be presumed to be under claim of right" or adverse. Rejecting the plaintiff's argument, this Court noted that the rule creating a presumption of adverse use is elastic and that, where the use is initially permissive, the burden of showing that the permissive use ceased is on the party claiming adversely.

▮ The rule creating a presumption of adverse use only arises "against anyone who does not show a superior right" and when there is no "evidence to explain how [the use] began." *Cookson v. Duke*, 206 Okla. 336, 243 P.2d 706, 709 (1952); 28 C.J.S. *Easements* § 68 (1941). In the present case, Holley has shown a superior right, and there is evidence that the use was initially permissive and continued as permissive. Here, as in *Irion*, the presumption that the use was adverse does not arise. Even if it did, the clear weight of the evidence is that the initial use of the road was permissive and continued to be permissive. On this record, because the use was permissive, it could not be denied adverse and the Willises could not have acquired an easement by prescription. *Irion*, 249 P.2d at 110.

In conclusion, because the evidence was clear that the use of the road was always permissive, the Willises did not acquire an easement by prescription. The opinion of the Court of Appeals is vacated. The judgment of the trial court is reversed, and the cause is remanded with instructions to enter judgment quieting title in Wanda Holley.

COURT OF APPEALS' OPINION VACATED; JUDGMENT OF TRIAL COURT REVERSED; AND CAUSE REMANDED WITH INSTRUCTIONS.

All Justices concur.