2010 OK CIV APP 94

**L.G. Sam DAVIS, Plaintiff,**

v.

**Eddie P. MAYBERRY, Jacob Barnett, William Barnett, Edward Barnett, Lydia Taryole, Norma Jean Waggoner, Pauline Starr, now Proctor, Bertha Ogle, Elliott Ryal, Eliza Starr, Smiley Barnett, Amos Barnett, Joseph Barnett, James Ryal, Geronimo Starr, Millie Starr Yardy, a/k/a Nellie Starr Yardy, Amos Starr, Katie Barnett and Jimmie Starr, each living and if deceased, their unknown successors, Roger Thomas Canard, Executor of the Estate of Leona Starr Fier Canard, deceased, State of Oklahoma, ex rel., Oklahoma Tax Commission, Kathy Anglin, Successor to Dessa Hammontree, Creek County Treasurer, and United States of America, Defendants,**

and

**Donal R. Mayberry and Sharon Y. Mayberry, Husband and Wife, Defendants/Cross–Petitioners/Appellants,**

and

**Solomon Lee, Jr., Shirley Mae Lee Hill, Sidney Lee, Samarian Lee, now Jackson, Simeon Lee, a/k/a Chaperney Lee, Sandra Lee, now Frazier, Suzanna Lee, now Randall a/k/a Suzanne Lee, now Randall, Sharon Lee now Frazier, and Sylvia Lee now Tulsa, Defendants/Cross–Defendants/Appellees.**

No. 107,035.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 14, 2010.

Certiorari Denied Sept. 20, 2010.

Sam T. Allen, III, Loeffler, Allen & Ham, Sapulpa, OK, for Defendants/Cross–Petitioners/Appellants.

Jessie Huff Durham, U.S. Department of the Interior, Tulsa, OK, for Defendant/Appellees.

CAROL M. HANSEN, Judge.

¶ 1 In 1992, Plaintiff, L.G. Sam Davis, filed a petition in this case seeking to quiet title

and partition a 160 acre tract of property in Creek County:[1]

The Northeast Quarter (NE/4) of Section 7, Township15 North, Range 8 East [the property]

¶2 In October 1994, while the case was pending, Donal R. Mayberry (Appellant) purchased a tax sale certificate to an undivided 11/60 interest [subject interest] in the property[2] which was taxable Restricted Indian Land. According to the offices of the county assessor and the county treasurer, Alice Grayson [Alice] of Henryetta, Oklahoma, was listed as the owner of the subject property. Appellant was unaware Alice had died in 1984.[3] Because he was unable to obtain personal service of the notice of his tax deed application upon Alice, service by publication was issued to Alice at her address in Henryetta.

¶3 In 1997, a Certificate Tax Deed was issued to Appellant. In 2000, Appellant conveyed by quit claim deed the subject interest in the property to himself and his wife, Sharon [collectively, Appellants] as joint tenants with the right of survivorship.

¶4 In 2002, Plaintiff filed an amended petition adding Appellants as defendants. In their amended answer, counter-claim and cross-petition [amended cross-petition], Appellants asserted title to the 11/60 undivided interest in the property by virtue of a County Treasurer Certificate Tax Deed and claimed to have been in "actual, full, exclusive, open, notorious, peaceful, continuous and uninterrupted possession of their said 11/60 undivided interest" for the past five years. The Secretary of the Interior, through the Field Solicitor, Tulsa Field Office, United States Department of the Interior, and the Trial Attorney [the Secretary] filed a "Reply/Answer" to Appellants' amended cross-petition.[4]

¶5 The Secretary also filed a motion for partial summary judgment, "for the protection of the interests of the Indian defendants owning restricted land that is the subject of this case . . ." seeking a summary disposition of Appellants' cross-claims.

¶6 In its order on Secretary's motion for partial summary judgment, the trial court found:

8. The 11/60 interest covered by the tax deed was restricted against alienation pursuant to federal law. Act of Congress of May 27, 1908, 35 Stat. 312, as extended by the Act of Congress of May 10, 1928, 45 Stat. 495, and amended by the Act of Congress of August 4, 1947, 61 Stat. 731.

9. The 11/60 interest covered by the tax deed was taxable pursuant to Section 6 of the Act of August 4, 1947 as amended by the Act of August 12, 1953, 67 Stat. 731, (hereinafter the "1947 Act"). However, Section 6(e) of the 1947 Act provides:

Before a county treasurer shall proceed to sell any restricted land for delinquent taxes, it must appear from the records of the office of the county treasurer that a list of the tracts included in the proposed sale of land for delinquent taxes in

---

1. The petition named Plaintiff's then co-tenants as defendants. It included Appellees: Solomon Lee, Jr., Shirley Mae Lee Hill, Sidney Lee, Samarian Lee, now Jackson, Simeon Lee a/k/a Cheparney Lee, Sandra Lee now Frazier, Suzanna Lee now Randall a/k/a Suzanne Lee now Randall, Sharon Lee now Frazier, and Sylvia Tulsa.

2. The 1993 ad valorem taxes had not been paid on the interest in the property when Appellant purchased the tax sale certificate.

3. Alice's estate was judicially distributed to her heirs: Solomon Lee, Jr., Shirley Hill, Sidney Lee, Samarian Jackson, Simeon Lee, Sandra Frazier, Suzanne Randall, Sharon Frazier, and Sylvia Tulsa [Appellees].

4. Pursuant to notice served on the Regional Director of the Eastern Oklahoma Region, Bureau of Indian Affairs (successor to the Superintendent, Five Civilized Tribes), the "Trial Attorney" representing the interests of Appellees, filed an answer to the amended petition.

Pursuant to Section 3 of Act of April 12, 1926, 44 Stat. 239, the United States may appear in a state court action involving title to restricted lands to protect the interest of the Indian landowners.

The Field Solicitor and the Trial Attorney are authorized to appear in any state court action wherein restricted lands are at issue. Section 6, Act of May 27, 1908, 35 Stat. 312, Section 4 of the Act of August 4, 1947, 61 Stat. 731, and 25 C.F.R. section 16.4.

The Trial Attorney is authorized to "take such action as the Secretary [of the Interior] could take if he were personally appearing in his official capacity as counsel therein." 25 C.F.R. section 16.4.

said county has been sent by registered mail to the Superintendent for the Five Civilized Tribes at Muskogee, Oklahoma, at least ninety days before the date fixed by the laws of the State of Oklahoma for sales of land for delinquent taxes.

10. That Section 6(e) of the 1947 Act requires that notice of a tax sale be sent to the Regional Director, Bureau of Indian Affairs, Eastern Oklahoma Regional Office (successor to the Superintendent for the Five Civilized Tribes), by registered mail, at least 90 days prior to the issuance of a Certificate Tax Deed covering any restricted interest in lands.

11. It does not appear from the records of the Creek County Treasurer, the records of the Creek County Clerk, nor the records of the Bureau of Indian Affairs that any list of lands for tax sale or other notice that the subject property would be sold for taxes was sent to the Regional Director, Bureau of Indian Affairs, Eastern Oklahoma Regional Office anytime prior to the issuance of the tax deed in this case.

The trial court granted, in part, Secretary's motion for partial summary judgment as to the validity of the tax deed, "... that the tax deed is VOID because the provisions of Section 6(e) of the 1947 Act, requiring notice be served on the Bureau of Indian Affairs prior to the sale of restricted property for delinquent taxes, were not followed." Because it found a genuine issue of fact as to whether Appellants acquired title to the 11/60 interest covered by the tax deed by adverse possession, it overruled Secretary's motion, in part, on the issue of adverse possession.

¶ 7 The parties filed trial briefs, and Appellants filed a supplemental trial brief citing for the first time, *Armstrong v. Maple Leaf Apartments, Ltd., et al.*, 436 F.Supp. 1125, in support of their argument that § 6(e) of the 1947 Act is unconstitutional as applied.

¶ 8 In the pre-trial conference order, over Appellants' objections, the trial court prohibited the proffered testimony of the county assessor, the county treasurer, and a local attorney in support of Appellants' argument the tax deed is valid. The pre-trial conference order limited the trial to the sole issue of adverse possession and prohibited Appellants from adducing any evidence, except as to adverse possession.

¶ 9 Following the trial, the trial court entered its Findings of Fact and Conclusions of Law, finding Appellants had not met their burden of proof establishing by clear and convincing evidence they had been in actual, hostile, open, notorious, exclusive and continuous possession of the property for the five years preceding the filing of their claims.

¶ 10 Thereafter, the trial court entered its Journal Entry of Judgment on Claims of Donal and Sharon Mayberry cancelling Appellants' claims, declaring Appellees the true and rightful owners of the 11/60 undivided interest in the subject property, and ordering the Secretary, as trustee for Appellees, to remit the taxes, penalties, interest and costs to Appellants as required by 68 O.S.2001 § 3140. Pursuant to 12 O.S.2001 § 994(A), the trial court expressly found its order to be a final adjudication of Appellants' claims. Appellants appeal.

¶ 11 Appellants argue the trial court erred in determining the tax deed void because, pursuant to § 6(e) of the 1947 Act, the Creek County Treasurer did not provide notice to the BIA prior to the sale of the subject interest in the subject property.[5] They claim county treasurers and lawyers are generally ignorant of this statute, as there are no state appellate cases and only one Oklahoma federal district court case construing it. However, although the 1947 Act was not codified, the United States Statutes at Large provides "the legal evidence of laws." *United States Bank of Oregon v. Independent Ins. Agents of America,* 508 U.S. 439, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993). Moreover, just as everyone is charged with knowledge of the United States Statutes at Large, once a statute has been published, all citizens are on notice of its

---

5. Appellants have never argued the Creek County Treasurer provided notice to the BIA of the proposed sale of the subject interest.

contents. *Federal Crop Insurance v. Merrill*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10.

¶ 12 Furthermore, notice is a jurisdictional requirement. Because the Creek County Treasurer did not provide notice to BIA at least 90 days prior to the sale of the subject interest, it had no jurisdiction to issue the tax deed. As a result, the tax deed issued was void. *Wholesale Petroleum Co. v. Chartin*, 1998 OK CIV APP 183, 972 P.2d 1184. An appellate court reviews a grant of summary judgment de novo. *Carmichael v. Beller*, 1996 OK 48, 914 P.2d 1051. The trial court did not err in its determination the tax deed is void because the Creek County Treasurer did not provide notice to the BIA prior to the sale of the subject interest in the subject property.

¶ 13 Because this Court affirms the trial court's determination the tax deed was void for the above-stated reasons, it becomes unnecessary to address Appellants' arguments dealing with the constitutionality of § 6(e) supported by their citation to *Armstrong v. Maple Leaf Apartments, Ltd.*, 436 F.Supp. 1125 (N.D.Okla.1977).[6]

¶ 14 Next, Appellants submit the trial court abused its discretion in its determination they had not met their burden of proof to establish title to the subject interest by adverse possession. Title 12 O.S.2001 § 93(3) provides a five year statute of limitations for the recovery of real property sold for taxes. Section 93(3) is applicable regardless of whether the tax deed is void. § 93(6). To apply this statute of limitations to bar an attack upon a void tax deed, it must be shown by the evidence the holder of the tax deed recorded the tax deed and has been in possession of the land for five continuous years, and that possession must be under the same conditions as have been applied in cases involving adverse possession under the fifteen-year statute. *Garrett v. Dean*, 1967 OK 241, 435 P.2d 167.

¶ 15 Where the requirement of possession is met, title is created by prescription. Title 60 O.S.2001 § 333. The claimant must show possession is hostile, under a claim of right or color of title, actual, open, notorious, exclusive, and continuous for the statutory period. *Francis v. Rogers*, 2001 OK 111, 40 P.3d 481. The valid title holder is presumed to be in constructive possession. *Kizzire v. Sarkeys*, 1961 OK 111, 361 P.2d 1082. Constructive possession can never be ousted by anything less than an actual possession maintained for the necessary period. *Morton v. Van Orsdol*, 1950 OK 219, 203 Okla. 394, 222 P.2d 520. Actual possession is an indispensable element in adverse possession. *Williams v. Bailey*, 1954 OK 19, 268 P.2d 868. Actual possession is a mixed question of fact and law and consists of the exercise of acts of dominion over the property, in making the ordinary use of it and taking the ordinary profits it is capable of yielding in its present state. *Cox v. S.J. Sarkeys*, 1956 OK 294, 304 P.2d 979.

¶ 16 An undivided interest is subject to adverse possession, and the elements necessary to establish title to any undivided interest are the same as those necessary to establish prescriptive title to the whole. *Grand Lodge of Oklahoma v. Webb*, 1956 OK 342, 306 P.2d 340.

¶ 17 Specifically, Appellants argue the acts of ownership required to establish title by adverse possession to an undivided 11/60 interest in a 160 acre tract of land differ greatly from those acts required to establish title to all of the right, title, and interest of that 160 acre tract. They point out that as co-tenants in the subject interest, their actual possession of the subject property is subject to the equal rights of their co-tenants. *See* 20 Am.Jur.2d § 41–42. Therefore, their acts of ownership are necessarily limited.

---

**6.** In that case, the Indian plaintiff sought to set aside a deed to restricted property which had not been approved by the district court, as required by Section 1 of the 1947 Act. The district court determined (1) it would be a denial of due process to apply the statute where the purchasers had made substantial improvements on property; (2) the statute did not provide sufficient means for purchasers to obtain notice and knowledge of its requirements to comply with due process; (3) the action was barred by laches; (4) and the action was barred by plaintiff's unclean hands. This decision was affirmed in *Armstrong v. Maple Leaf Apartments, Ltd.*, 622 F.2d 466 (10th Cir. 1979) on the determination the action was barred by laches.

¶ 18 Appellants argue that following Appellant Donal's recording of the certificate tax deed on February 20, 1997, their right of possession of the 11/60 interest was uninterrupted for five years, because during that time, no one challenged the validity of the tax deed. Additionally, they submit the execution and recording of the certificate tax deed and the execution of the quit claim deed dated November 16, 2000, to Appellant Donal and his wife, Sharon, as joint tenants with right of survivorship, and its recording are acts of ownership. Also, they claim Appellant Donal's payment of ad valorem taxes on the 11/60 interest since he purchased the certificate tax deed is an important factor in establishing prescriptive title to the interest.

¶ 19 However, neither the payment of taxes nor the recording of a deed constitute possession. Thus, the payment of taxes and the recording of a deed without more will not establish prescriptive title. *Williams v. Bailey, supra.* Furthermore,

> To apply the limitations as provided in paragraph three [12 O.S.2001 § 93(3)] in the mere instance of the recording of a void tax deed and without a requirement of occupancy under the void instrument for any particular period of time, and in an effect to take title out of one person and vest it in another, as sought by the plaintiff herein, might well be argued to work a deprivation of property without due process of law.

*Williams v. Bailey, supra.*

¶ 20 Adverse possession cannot be established by inference; every element must be established by clear and positive proof. *Willis v. Holley,* 1996 OK 107, 925 P.2d 539. The trial court did not abuse its discretion in its determination Appellants did not meet their burden of proof to establish title by adverse possession.

AFFIRMED.

BUETTNER, P.J., and HETHERINGTON, J., concur.